# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: BPS US Holdings Inc. | Chapter 11 |
| | Case No. 16-12373 |
| Debtor. | |
| Employer Tax I.D. No.: 46-4698341 | |
| In re: Bauer Hockey, Inc. | Chapter 11 |
| | Case No. 16-12374 |
| Debtor. | |
| Employer Tax I.D. No.: 03-0273094 | |
| In re: Easton Baseball / Softball Inc. | Chapter 11 |
| | Case No. 16-12375 |
| Debtor. | |
| Employer Tax I.D. No.: 46-4685670 | |
| In re: Bauer Hockey Retail Inc. | Chapter 11 |
| | Case No. 16-12376 |
| Debtor. | |
| Employer Tax I.D. No.: 35-2516663 | |
| In re: Bauer Performance Sports Uniforms Inc. | Chapter 11 |
| | Case No. 16-12377 |
| Debtor. | |
| Employer Tax I.D. No.: 46-2241095 | |

| | |
|---|---|
| In re: Performance Lacrosse Group Inc. | Chapter 11 |
| | Case No. 16-12378 |
| Debtor. | |
| Employer Tax I.D. No.: 04-2944200 | |
| In re: BPS Diamond Sports Inc. | Chapter 11 |
| | Case No. 16-12379 |
| Debtor. | |
| Employer Tax I.D. No.: 46-2485909 | |
| In re: PSG Innovation Inc. | Chapter 11 |
| | Case No. 16-12380 |
| Debtor. | |
| Employer Tax I.D. No.: 36-4819408 | |
| In re: Performance Sports Group Ltd. | Chapter 11 |
| | Case No. 16-12381 |
| Debtor. | |
| Employer Tax I.D. No.: 981221514 | |
| In re: KBAU Holdings Canada, Inc. | Chapter 11 |
| | Case No. 16-12382 |
| Debtor. | |
| Employer Tax I.D. No.: 818445751 | |

| | |
|---|---|
| In re: Bauer Hockey Retail Corp. | Chapter 11 |
| | Case No. 16-12383 |
| Debtor. | |
| Employer Tax I.D. No.: 77968-1899 | |
| In re: Easton Baseball / Softball Corp. | Chapter 11 |
| | Case No. 16-12384 |
| Debtor. | |
| Employer Tax I.D. No.: 98-1164068 | |
| In re: PSG Innovation Corp. | Chapter 11 |
| | Case No. 16-12385 |
| Debtor. | |
| Employer Tax I.D. No.: 819162165 | |
| In re: Bauer Hockey Corp. | Chapter 11 |
| | Case No. 16-12386 |
| Debtor. | |
| Employer Tax I.D. No.: 896494465 | |
| In re: BPS Canada Intermediate Corp. | Chapter 11 |
| | Case No. 16-12387 |
| Debtor. | |
| Employer Tax I.D. No.: 809834633 | |
| In re: BPS Diamond Sports Corp. | Chapter 11 |
| | Case No. 16-12388 |
| Debtor. | |
| Employer Tax I.D. No.: 816678049 | |

| | |
|---|---|
| In re: Bauer Performance Sports Uniforms Corp. | ) ) ) Chapter 11 ) ) ) Case No. 16-12389 ) ) |
| Debtor. | ) |
| Employer Tax I.D. No.: 809042203 | ) ) |
| In re: Performance Lacrosse Group Corp. | ) Chapter 11 ) ) ) Case No. 16-12390 ) ) |
| Debtor. | ) |
| Employer Tax I.D. No.: 821221249 | ) |

**DEBTORS' MOTION FOR AN ORDER (I) PURSUANT TO BANKRUPTCY RULE 1015(b) AND LOCAL RULE 1015-1, AUTHORIZING (I) THE JOINT ADMINISTRATION OF THE DEBTORS' CHAPTER 11 CASES, (II) NOTIFICATION TO FOREIGN CREDITORS PURSUANT TO SECTION 1514(c) OF THE BANKRUPTCY CODE, AND (III) GRANTING RELATED RELIEF**

BPS US Holdings Inc. ("BPS") and its above-captioned affiliated debtors and debtors in possession (each a "Debtor," and collectively, the "Debtors")[1] hereby submit this motion (the "Motion") for the entry of an order, substantially in the form attached hereto as Exhibit A (the "Proposed Order"), pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") and section 1514(c) of title 11 of the United States Code (the "Bankruptcy Code") authorizing (i) the joint administration of the Debtors' chapter 11 cases and the consolidation

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number or Canadian equivalent, are as follows: BPS US Holdings Inc. (8341); Bauer Hockey, Inc. (3094); Easton Baseball / Softball Inc. (5670); Bauer Hockey Retail Inc. (6663); Bauer Performance Sports Uniforms Inc. (1095); Performance Lacrosse Group Inc. (4200); BPS Diamond Sports Inc. (5909); PSG Innovation Inc. (9408); Performance Sports Group Ltd. (1514); KBAU Holdings Canada, Inc. (5751); Bauer Hockey Retail Corp. (1899); Easton Baseball / Softball Corp. (4068); PSG Innovation Corp. (2165); Bauer Hockey Corp. (4465); BPS Canada Intermediate Corp. (4633); BPS Diamond Sports Corp. (8049); Bauer Performance Sports Uniforms Corp. (2203); and Performance Lacrosse Group Corp. (1249). The Debtors' headquarters are located at 100 Domain Dr., Exeter, New Hampshire 03833.

thereof for procedural purposes only, (ii) notification procedures for foreign creditors, and (iii) granting related relief. The facts and circumstances supporting this Motion are set forth in the concurrently filed *Declaration of Brian J. Fox in Support of Debtors' Chapter 11 Petitions and First Day Motions* (the "First Day Declaration").[2] In further support of this Motion, the Debtors respectfully state as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated as of February 29, 2012 (the "Amended Standing Order"). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and, pursuant to Local Rule 9013-1(f), the Debtors consent to entry of a final order by the Court in connection with this Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgements in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory and legal predicates for the relief sought herein are Bankruptcy Rule 1015 and Local Rule 1015-1.

## BACKGROUND

4. The Debtors are headquartered in the U.S., but conduct substantial business in both the U.S. and Canada. The Debtors incorporated in the U.S. are referred to

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the First Day Declaration.

herein collectively, as the "U.S. Debtors."[3]  The Debtors incorporated in Canada are referred to herein collectively as the "Canadian Debtors."[4]

5. On the date hereof (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  Each of the Debtors also made application for protection from their creditors under Canada's *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36, as amended (the "CCAA"), in the Ontario Superior Court of Justice (Commercial List) Canada (the "Canadian Court," and the filing, the "Canadian Proceedings").  Unless specifically noted to the contrary, the relief in this Motion applies to all of the Debtors, which relief is substantially similar to – if not exactly the same as – the relief that the Debtors are seeking in the Canadian Proceedings.  The Debtors believe that the relief sought herein complies with the requirements of the CCAA and their obligations in the Canadian Proceedings.

6. The Debtors are authorized to continue managing their properties and operating their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee, examiner, or committee has been appointed in these chapter 11 cases.  A monitor (the "Monitor") has been selected in the Canadian Proceedings, and its appointment is awaiting court approval in Canada.[5]

---

[3] The U.S. Debtors are: BPS US Holdings Inc.; Bauer Hockey, Inc.; Easton Baseball / Softball Inc.; Bauer Hockey Retail Inc.; Bauer Performance Sports Uniforms Inc.; Performance Lacrosse Group Inc.; BPS Diamond Sports Inc.; and PSG Innovation Inc.

[4] The Canadian Debtors are:  Performance Sports Group Ltd.; KBAU Holdings Canada, Inc.; Bauer Hockey Retail Corp.; Easton Baseball / Softball Corp.; PSG Innovation Corp.; Bauer Hockey Corp.; BPS Canada Intermediate Corp.; BPS Diamond Sports Corp.; Bauer Performance Sports Uniforms Corp.; and Performance Lacrosse Group Corp.

[5] A monitor in Canada is an independent party appointed by the CCAA Court to monitor the company's operations and to assist with the restructuring of the company. The Monitor reports to the CCAA Court on any material matters and often provides recommendations about a proposed action to the CCAA Court.

7. Additional information about the Debtors' business and the events leading to the commencement of these chapter 11 cases and the Canadian Proceedings can be found in the First Day Declaration, which is incorporated herein by reference.

## RELIEF REQUESTED

8. By this Motion, the Debtors request entry of an order directing the joint administration of these chapter 11 cases and the consolidation thereof for procedural purposes only.

9. The Debtors also request that the Clerk of the Court maintain one file and one docket for all of the Debtors' chapter 11 cases, under the case number assigned to BPS and that the caption of these chapter 11 cases be modified to reflect their joint administration as follows:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BPS US Holdings Inc., *et al.*,[1] | ) | Case No. 16-12373 (____) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number or Canadian equivalent, are as follows: BPS US Holdings Inc. (8341); Bauer Hockey, Inc. (3094); Easton Baseball / Softball Inc. (5670); Bauer Hockey Retail Inc. (6663); Bauer Performance Sports Uniforms Inc. (1095); Performance Lacrosse Group Inc. (4200); BPS Diamond Sports Inc. (5909); PSG Innovation Inc. (9408); Performance Sports Group Ltd. (1514); KBAU Holdings Canada, Inc. (5751); Bauer Hockey Retail Corp. (1899); Easton Baseball / Softball Corp. (4068); PSG Innovation Corp. (2165); Bauer Hockey Corp. (4465); BPS Canada Intermediate Corp. (4633); BPS Diamond Sports Corp. (8049); Bauer Performance Sports Uniforms Corp. (2203); and Performance Lacrosse Group Corp. (1249). The Debtors' headquarters are located at 100 Domain Dr., Exeter, New Hampshire 03833.

10. The Debtors also seek the Court's direction that a notation, substantially similar to the following be entered on the docket of each Debtor other than BPS, to reflect the

joint administration of these chapter 11 cases:

> An Order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases of BPS US Holdings Inc.; Bauer Hockey, Inc.; Easton Baseball / Softball Inc.; Bauer Hockey Retail Inc.; Bauer Performance Sports Uniforms Inc.; Performance Lacrosse Group Inc.; BPS Diamond Sports Inc.; PSG Innovation Inc.; Performance Sports Group Ltd. (CA); KBAU Holdings Canada, Inc. (CA); Bauer Hockey Retail Corp. (CA); Easton Baseball / Softball Corp. (CA); PSG Innovation Corp. (CA) Bauer Hockey Corp. (CA); BPS Canada Intermediate Corp. (CA); BPS Diamond Sports Corp. (CA); Bauer Performance Sports Uniforms Corp. (CA); and Performance Lacrosse Group Corp. (CA). The Debtors' headquarters are located at 100 Domain Dr., Exeter, New Hampshire 03833. The docket in the chapter 11 case of BPS US Holdings Inc., Case No. 16-12373 (___), should be consulted for all matters affecting this case.

11. The Debtors also request that the Court permit the use of a combined service list and combined notices for each of the Debtors' chapter 11 cases, that such service list include creditors and other stakeholders with foreign addresses, and that use of a combined service list and combined notices for creditors and stakeholders (including creditors with foreign addresses) satisfies section 1514(c) of the Bankruptcy Code. Many of the Canadian Debtors' creditors have Canadian addresses, in addition to which the Debtors have creditors and stakeholders around the world. Having the Debtors' claims agent maintain a combined service list, and providing combined notices for such service list, best ensures that creditors and stakeholders will receive adequate notice.

## **BASIS FOR RELIEF**

12. Pursuant to Bankruptcy Rule 1015(b), if two or more petitions are pending in the same court by or against a debtor and an affiliate, "the [C]ourt may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b). Local Rule 1015-1 similarly permits entry of such an order if the Debtors demonstrate that joint administration "is warranted and will ease the administrative burden for the Court and the parties." Del. Bankr. L.R. 1015-1. In these

chapter 11 cases, the Debtors are "affiliates," as that term is defined in section 101(2) of the Bankruptcy Code. Accordingly, the Court may grant the relief requested herein.

13. As set forth in the First Day Declaration, the Debtors' operations are interconnected and co-dependent, and share many of the same creditors and other parties in interest. As a result, many, if not virtually all, of the motions, applications, hearings and orders that will arise in these chapter 11 cases will jointly affect all of the Debtors. Jointly administering the cases will avoid unnecessary expenses by eliminating the need for duplicative filings, objections, notices, and hearings. Additionally, joint administration will reduce the administrative burdens imposed on the Court and its noticing agent, as the Clerk of the Court will be permitted to utilize a single docket for the chapter 11 cases and to combine notices to creditors and other parties in interest in the Debtors' respective cases. Jointly administering the cases will also enable the United States Trustee for the District of Delaware (the "U.S. Trustee") and all other parties in interest to easily and efficiently stay apprised of all matters before the Court.

14. Joint administration will not prejudice the Debtors' creditors because the relief sought herein is purely procedural and will not affect the substantive rights of any party in interest. Each creditor will retain its ability to file its claim against a particular estate.

15. Finally, the entry of joint administration orders for procedural purposes only is common in this District. See, e.g., In re Dex Media, Inc., Case No. 16-11200 (KG) (May 18, 2016); In re Sports Authority Holdings, Inc., Case No. 16-10527 (MFW) (Mar. 3, 2016): In re Paragon Offshore plc, Case No. 16-10386 (CSS) (Feb. 17, 2016); In re Haggen Holdings, LLC, Case No. 15-11874 (KG) (Sept. 10, 2015); In re Boomerang Tube, LLC, Case No. 15-11247 (MFW) (June 10, 2015).

16. Section 1514(c) of the Bankruptcy Code provides governs notification to foreign creditors concerning the chapter 11 cases, and requires that notice to known creditors with foreign addresses be given individually, unless the court considers that, under the circumstances, some other form of notification would be more appropriate. 11 U.S.C. § 1514(c). Notably, notice does not require a letter or other formality. Id. Accordingly, the Debtors submit that the inclusion of creditors and stakeholders with foreign addresses in the Debtors' combined service and notice lists, and providing such creditors and stakeholders with the same service as will be provided to creditors and stakeholders with U.S. addresses, satisfies section 1514(c) of the Bankruptcy Code.

17. For these reasons, the Debtors submit that the relief requested herein is in the best interests of the Debtors, their estates and creditors, and therefore should be granted.

## NOTICE

18. Notice of this Motion has been provided to: (i) the U.S. Trustee; (ii) the Office of the United States Attorney for the District of Delaware; (iii) the Internal Revenue Service; (iv) those parties served with notice of the Comeback Hearing in the Canadian Proceedings; (v) the Cash Management Banks; (vi) the Debtors' forty (40) largest unsecured creditors; (vii) counsel to the Debtors' prepetition and postpetition lenders; (viii) the Monitor; and (ix) counsel to the Debtors' stalking horse purchaser. Notice of this Motion and any order entered hereon will be served in accordance with Rule 9013-1(m) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

**CONCLUSION**

WHEREFORE, the Debtors request entry of the Proposed Order, granting the relief requested herein and such other and further relief as is just and proper.

| | |
|---|---|
| Dated: October 31, 2016<br>Wilmington, Delaware | YOUNG CONAWAY STARGATT & TAYLOR, LLP<br><br> /s/ Justin H. Rucki<br>Pauline K. Morgan (No. 3650)<br>Sean T. Greecher (No. 4484)<br>Justin H. Rucki (No. 5304)<br>Shane M. Reil (No. 6195)<br>Rodney Square<br>1000 North King Street<br>Wilmington, Delaware 19801<br>Telephone: (302) 571-6600<br>Facsimile: (302) 571-1253<br><br>-and-<br><br>PAUL, WEISS, RIFKIND,<br>WHARTON & GARRISON LLP<br>Kelley A. Cornish<br>Alice Belisle Eaton<br>Claudia R. Tobler<br>Christopher Hopkins<br>1285 Avenue of the Americas,<br>New York, New York 10019<br>Telephone: (212) 373-3000<br>Facsimile:  (212) 757-3990<br><br>*Proposed Co-Counsel to the Debtors and Debtors in Possession* |

# **EXHIBIT A**

**Proposed Order**

01:19467442.1

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: BPS US Holdings Inc. | ) ) ) ) ) ) ) | Chapter 11<br><br>Case No. 16-12373 |
| Debtor. | | |
| In re: Bauer Hockey, Inc. | ) ) ) ) ) ) ) | Chapter 11<br><br>Case No. 16-12374 |
| Debtor. | | |
| In re: Easton Baseball / Softball Inc. | ) ) ) ) ) ) ) | Chapter 11<br><br>Case No. 16-12375 |
| Debtor. | | |
| In re: Bauer Hockey Retail Inc. | ) ) ) ) ) | Chapter 11<br><br>Case No. 16-12376 |
| Debtor. | | |
| In re: Bauer Performance Sports Uniforms Inc. | ) ) ) ) ) ) ) | Chapter 11<br><br>Case No. 16-12377 |
| Debtor. | | |

01:19467442.1

| | | |
|---|---|---|
| In re: Performance Lacrosse Group Inc. | ) ) ) ) ) ) ) | Chapter 11<br><br>Case No. 16-12378 |
| Debtor. | | |
| In re: BPS Diamond Sports Inc. | ) ) ) ) ) ) ) | Chapter 11<br><br>Case No. 16-12379 |
| Debtor. | | |
| In re: PSG Innovation Inc. | ) ) ) ) ) ) ) | Chapter 11<br><br>Case No. 16-12380 |
| Debtor. | | |
| In re: Performance Sports Group Ltd. | ) ) ) ) ) ) ) | Chapter 11<br><br>Case No. 16-12381 |
| Debtor. | | |
| In re: KBAU Holdings Canada, Inc. | ) ) ) ) ) ) ) | Chapter 11<br><br>Case No. 16-12382 |
| Debtor. | | |

|  |  |  |
|---|---|---|
| In re: Bauer Hockey Retail Corp. | ) ) ) ) ) ) ) | Chapter 11<br><br>Case No. 16-12383 |
| Debtor. |  |  |
| In re: Easton Baseball / Softball Corp. | ) ) ) ) ) ) ) | Chapter 11<br><br>Case No. 16-12384 |
| Debtor. |  |  |
| In re: PSG Innovation Corp. | ) ) ) ) ) ) ) | Chapter 11<br><br>Case No. 16-12385 |
| Debtor. |  |  |
| In re: Bauer Hockey Corp. | ) ) ) ) ) ) ) | Chapter 11<br><br>Case No. 16-12386 |
| Debtor. |  |  |
| In re: BPS Canada Intermediate Corp. | ) ) ) ) ) ) ) | Chapter 11<br><br>Case No. 16-12387 |
| Debtor. |  |  |
| In re: BPS Diamond Sports Corp. | ) ) ) ) ) ) ) | Chapter 11<br><br>Case No. 16-12388 |
| Debtor. |  |  |

|  |  |
|---|---|
| In re: Bauer Performance Sports Uniforms Corp.<br><br>Debtor. | ) <br> ) Chapter 11 <br> ) <br> ) <br> ) Case No. 16-12389 <br> ) <br> ) <br> ) <br> ) |
| In re: Performance Lacrosse Group Corp.<br><br>Debtor. | ) <br> ) <br> ) Chapter 11 <br> ) <br> ) Case No. 16-12390 <br> ) <br> ) <br> ) <br> ) |

**ORDER, PURSUANT TO BANKRUPTCY RULE 1015(b) AND LOCAL RULE 1015-1, AUTHORIZING (I) THE JOINT ADMINISTRATION OF THE DEBTORS' CHAPTER 11 CASES, (II) NOTIFICATION TO FOREIGN CREDITORS PURSUANT TO SECTION 1514(c) OF THE BANKRUPTCY CODE, AND (III) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion")[1] of the above-captioned affiliated debtors and debtors in possession (collectively, the "Debtors") for the entry of an order, pursuant to Bankruptcy Rule 1015 and Local Rule 1015-1 and section 1514(c) of the Bankruptcy Code authorizing (i) the joint administration of the Debtors' chapter 11 cases for procedural purposes only, (ii) notification procedures for foreign creditors, and (iii) granting related relief; and upon consideration of the Motion and all pleadings related thereto, including the First Day Declaration; and due and proper notice of the Motion having been given; and it appearing that no other or further notice of the Motion is required; and it appearing that the Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that the Court may enter a final order herewith consistent with Article III of the U.S.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Constitution; and it appearing that venue of this proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Motion and provided for herein is in the best interest of the Debtors, their estates, and creditors; and after due deliberation and sufficient cause appearing therefor, **IT IS HEREBY ORDERED THAT**

    1.    The Motion is GRANTED, as set forth herein.

    2.    The Debtors' chapter 11 cases shall be consolidated for procedural purposes only and shall be jointly administered in accordance with the provisions of Bankruptcy Rule 1015 and Local Rule 1015-1.

    3.    The Clerk of the Court shall maintain one file and one docket for all of the Debtors' chapter 11 cases, which file and docket shall be the file and docket for the chapter 11 case of Debtor BPS US Holdings Inc., Case No. 16-12373 (___).

    4.    All pleadings filed in the Debtors' chapter 11 cases shall bear a consolidated caption in the following form:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------x
In re                                              :     Chapter 11
                                                   :
BPS US Holdings Inc., <u>et al.</u>,[1]            :     Case No. 16-12373
                                                   :
       Debtors.                  :     (Jointly Administered)
---------------------------------------------------------x

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number or Canadian equivalent, are as follows: BPS US Holdings Inc. (8341); Bauer Hockey, Inc. (3094); Easton Baseball / Softball Inc. (5670); Bauer Hockey Retail Inc. (6663); Bauer Performance Sports Uniforms Inc. (1095); Performance Lacrosse Group Inc. (4200); BPS Diamond Sports Inc. (5909); PSG Innovation Inc. (9408); Performance Sports Group Ltd. (1514); KBAU Holdings Canada, Inc. (5751); Bauer Hockey Retail Corp. (1899); Easton Baseball / Softball Corp. (4068); PSG Innovation Corp.; (2165); Bauer Hockey Corp. (4465); BPS Canada Intermediate Corp. (4633); BPS Diamond Sports Corp. (8049); Bauer Performance Sports Uniforms Corp. (2203); and Performance Lacrosse Group Corp. (1249). The Debtors' headquarters are located at 100 Domain Dr., Exeter, New Hampshire 03833.

      5.      The foregoing caption satisfies the requirements of section 342(c)(1) of the Bankruptcy Code.

      6.      All original pleadings shall be captioned as indicated in the preceding decretal paragraph, and the Clerk of the Court shall make docket entries in the dockets of each of the chapter 11 cases substantially as follows:

> An Order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases of BPS US Holdings Inc.; Bauer Hockey, Inc.; Easton Baseball / Softball Inc.; Bauer Hockey Retail Inc.; Bauer Performance Sports Uniforms Inc.; Performance Lacrosse Group Inc.; BPS Diamond Sports Inc.; PSG Innovation Inc.; Performance Sports Group Ltd. (CA); KBAU Holdings Canada, Inc. (CA); Bauer Hockey Retail Corp. (CA); Easton Baseball / Softball Corp. (CA); PSG Innovation Corp. (CA) Bauer Hockey Corp. (CA); BPS Canada Intermediate Corp. (CA); BPS Diamond Sports Corp. (CA); Bauer Performance Sports Uniforms Corp. (CA); and Performance Lacrosse Group Corp. (CA). The Debtors' headquarters are located at 100 Domain Dr., Exeter, New Hampshire 03833. The docket in the chapter 11 case of BPS US Holdings Inc., Case No. 16-12373 (___), should be consulted for all matters affecting this case.

4

7.       Nothing in the Motion or this Order is intended or shall be deemed or otherwise construed as directing or otherwise effecting a substantive consolidation of the Debtors' estates.  This Order shall be without prejudice to the rights of the Debtors to seek entry of an order substantively consolidating their respective cases.

8.       The combined notice and service lists proposed in the Motion, and the service on creditors and stakeholders with foreign addresses as set forth in the Motion, satisfy section 1514(c) of the Bankruptcy Code.

9.       The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion

10.      This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated: _____, 2016
         Wilmington, Delaware

                                                  _____
                                                  United States Bankruptcy Judge