IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| BPS US Holdings Inc., *et al.*,[1] | ) Case No. 16-12373 (KJC) |
| Debtors. | ) (Jointly Administered) |
|  | ) **Ref. Docket Nos. 212 & 321** |

## ORDER (I) ESTABLISHING BAR DATES FOR FILING CLAIMS AND (II) APPROVING THE FORM AND MANNER OF NOTICE THEREOF

This matter coming before the Court on the *Debtors' Motion For an Order (I) Establishing Bar Dates for Filing Claims and (II) Approving the Form and Manner of Notice Thereof* (the "Motion"),[2] filed by the above-captioned debtors (collectively, the "Debtors"); the Court having reviewed the Motion; the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and (c) notice of this Motion and the Hearing was sufficient under the circumstances; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number or Canadian equivalent, are as follows: BPS US Holdings Inc. (8341); Bauer Hockey, Inc. (3094); Easton Baseball / Softball Inc. (5670); Bauer Hockey Retail Inc. (6663); Bauer Performance Sports Uniforms Inc. (1095); Performance Lacrosse Group Inc. (4200); BPS Diamond Sports Inc. (5909); PSG Innovation Inc. (9408); Performance Sports Group Ltd. (1514); KBAU Holdings Canada, Inc. (5751); Bauer Hockey Retail Corp. (1899); Easton Baseball / Softball Corp. (4068); PSG Innovation Corp. (2165); Bauer Hockey Corp. (4465); BPS Canada Intermediate Corp. (4633); BPS Diamond Sports Corp. (8049); Bauer Performance Sports Uniforms Corp. (2203); and Performance Lacrosse Group Corp. (1249). The Debtors' headquarters are located at 100 Domain Dr., Exeter, New Hampshire 03833.

[2] Capitalized terms not otherwise defined herein have the meanings given to them in the Motion.

01:21321967.4

2. As used herein, (i) the term "claim" has the meaning given to it in section 101(5) of the Bankruptcy Code, and (ii) the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code.

3. The forms of the Bar Date Notice and the Publication Notice, and the manner of providing notice of the Bar Dates proposed in the Motion, are approved in all respects. The form and manner of notice of the Bar Dates approved herein satisfy the notice requirements of the Bankruptcy Code and the Bankruptcy Rules. As such, the Debtors are authorized to serve the Bar Dates Notice Package in the manner described below.

4. <u>The General Bar Date</u>. Except as described below, all entities holding claims against the Debtors that arose before the Petition Date must file proofs of claim by the General Bar Date of February 6, 2017 at 5:00 p.m. Eastern Time. The General Bar Date applies to all types of claims against the Debtors that arose prior to the Petition Date, including claims that are secured, preferred, unsecured non-priority, unsecured priority or otherwise entitled to special treatment under applicable US or Canadian law in connection with the Chapter 11 Cases or the Canadian Proceedings.

5. <u>The Governmental Bar Date</u>. Pursuant to section 502(b)(9) of the Bankruptcy Code, except as described below, all governmental units holding claims (whether secured, priority or unsecured nonpriority) against the Debtors that arose before the Petition Date must file proofs of claim by the Governmental Bar Date of May 1, 2017 at 5:00 p.m. Eastern Time.

6. <u>The Rejection Bar Date</u>. Any entity whose claims arise out of the (i) Court approved rejection of an executory contract or unexpired lease, in accordance with section 365 of the Bankruptcy Code and pursuant to an order entered prior to the confirmation of

a plan in the applicable Debtor's case, or (ii) the disclaimer by a Debtor of a contract pursuant to section 32 of the CCAA, must file a proof of claim on or before the later of the following applicable deadlines: (i) the General Bar Date; or (ii) in the Chapter 11 Cases, 30 days after the entry of the order providing for the rejection of such executory contract or unexpired lease in the Chapter 11 Cases; or (iii) in the Canadian Proceeding, 30 days after the effective date of the disclaimer by a Debtor in accordance with section 32 of the CCAA. The later of these dates, as applicable, is referred to as the "Rejection Bar Date."

7.  The Amended Schedules Bar Date. If subsequent to the mailing date of this notice, a Debtor amends or supplements its Schedules of Assets and Liabilities (the "Schedules") to reduce the undisputed, noncontingent and liquidated amount or to change the nature or classification of a claim against a Debtor reflected therein, any affected entities that dispute such amendments or supplements to the Schedules (such Schedules, the "Amended Schedules") are required to file a proof of claim or amend any previously filed proof of claim in respect of the Amended Schedules claim on or before the later of: (i) the General Bar Date; and (ii) 30 days after the date that notice of the applicable Amended Schedules is served on the claimant. The later of these dates is referred to in this order as the "Amended Schedule Bar Date."

8.  Subject to the terms described in this order for holders of claims subject to the Governmental Bar Date, Rejection Bar Date, and the Amended Schedules Bar Date, the following entities must file proofs of claim on or before the General Bar Date:

> a. any entity (i) whose prepetition claim against a Debtor is not listed in the applicable Debtor's Schedules or is listed as any of disputed, contingent, or unliquidated and (ii) that desires to share in any distribution in any of these Chapter 11 Cases or the Canadian Proceedings; and

01:21321967.4

        a.     any entity that believes that its prepetition claim is improperly classified in the Schedules or is listed in an incorrect amount or against an incorrect Debtor and that desires to have its claim allowed in a classification or amount or against a Debtor different from the classification, amount or Debtor identified in the Schedules.

9.     The following entities, whose claims otherwise would be subject to the General Bar Date or the Governmental Bar Date, need not file claims in these cases:

        a.     any entity that already has filed a signed proof of claim against the applicable Debtor(s) in a form substantially similar to the Proof of Claim Form attached hereto as **Exhibit 1** with: (i) the Clerk of the Bankruptcy Court for the District of Delaware; (ii) the Monitor; or (iii) the Debtors' claims and noticing agent, Prime Clerk, LLC ("Prime Clerk");

        b.     any entity (i) whose claim against a Debtor is not listed as "disputed", "contingent", or "unliquidated" in the Schedules or Amended Schedules and (ii) agrees with the nature, classification and amount of its claim as identified in the Schedules;

        c.     any entity whose claim against a Debtor previously has been allowed by, or paid pursuant to, an order of the Court or the Canadian Court;

        d.     any Debtor or any of their non-debtor affiliates (as such term is defined in section 101(2) of the Bankruptcy Code) or an entity related to any Debtor as such term is defined under section 3(2) of the CCAA, as applicable;

        e.     any current officer, director or employee of any of the Debtors having a claim against any of the Debtors for indemnification, contribution or reimbursement;

        f.     the Prepetition ABL Lenders; and

        g.     the Prepetition Term Loan Lenders.

10.     Parties asserting claims against the Debtors that accrued before the Petition Date must use a proof of claim form (the "Proof of Claim Form") substantially in the form attached hereto as **Exhibit 1**.

11. The filing of a Proof of Claim Form shall be deemed to satisfy the procedural requirements for the assertion of administrative priority claims under section 503(b)(9) of the Bankruptcy Code. All other administrative claims under section 503(b) of the Bankruptcy Code, other than claims under section 503(b)(9) of the Bankruptcy Code, must be asserted by separate requests for payment in accordance with section 503(a) of the Bankruptcy Code, and will not be deemed proper if made by filing a Proof of Claim Form.

12. The following procedures for the filing of a Proof of Claim Form shall apply:

    a. Entities must file each Proof of Claim Form so it is received on or before the applicable Bar Dates at the following address: Performance Sports Group Claims Processing Center, c/o Prime Clerk LLC, 830 3rd Avenue, 3rd Floor, New York, NY 10022; or via the electronic interface on Prime Clerk's website for these Chapter 11 Cases.

    b. A Proof of Claim Form will be deemed filed when actually received by the Debtors' claims agent, Prime Clerk in the manner provided for in the Bar Date Notice. A Proof of Claim Form may not be delivered via facsimile or electronic mail transmission.

    c. Proof of Claim Forms will be collected, docketed and maintained by Prime Clerk.

    d. All Proof of Claim Forms must be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant. The Proof of Claim Form must be written in English or French. Claimants should attach to the completed Proof of Claim Form any documents on which the claim is based (or, if such documents are voluminous, attach a summary) or an explanation as to why the documents are not available.

    e. Any entity asserting claims against multiple Debtors must file a separate Proof of Claim Form with respect to each Debtor. In addition, any entity filing a claim must identify on its Proof of Claim Form the particular Debtor against which the entity asserts its claim. If an entity lists more than one Debtor on any one Proof of Claim Form, the relevant claims will be treated as filed only against the first listed Debtor.

13. Any entity holding an interest in the Debtors (an "Interest Holder"), which interest is based exclusively upon the ownership of: (a) common stock in Debtor Performance Sports Group Ltd.; or (b) warrants or rights to purchase, sell or subscribe to such stock (any such stock or aforementioned right related to such stock being referred to herein as an "Interest"), need not file a proof of claim or proof of interest on or before the General Bar Date on account of such Interest; provided, however, Interest Holders who want to assert claims against the Debtors that arise out of or relate to the ownership or purchase of an Interest, including claims arising out of or relating to the sale, issuance or distribution of the Interest, must file a claim by the applicable Bar Dates, unless another exception identified in this order applies.

14. The Debtors shall retain the right to: (a) dispute, or assert offsets or defenses against, any filed proofs of claim, or any claim listed or reflected in the Schedules, as to nature, amount, liability, classification or otherwise; (b) subsequently designate any scheduled claim as disputed, contingent or unliquidated; and (c) otherwise amend or supplement the Schedules. If the Debtors subsequently amend or supplement the Schedules, the Debtors shall give notice of any Amended Schedules to the holders of claims affected thereby, including notice of the Amended Schedules Bar Date to file proofs of claim in response to the Amended Schedules. Notwithstanding the foregoing, nothing contained herein shall preclude the Debtors from objecting to any claim, whether scheduled or filed, on any grounds.

15. Entities that fail to properly file a Proof of Claim Form by the applicable Bar Date, shall be forever barred, estopped and enjoined from: (a) asserting any prepetition claim against the Debtors that such entity may possess and that (i) is in an amount that exceeds the amount, if any, that is identified in the Schedules or Amended Schedules on behalf of such entity as undisputed, noncontingent and liquidated or (ii) is of a different nature, classification or

priority than any claim identified in the Schedules or Amended Schedules on behalf of such entity (any such claim under this subparagraph (a) being referred to herein as an "<u>Unscheduled Claim</u>"); and (b) voting upon, or receiving distributions under, any chapter 11 plan in these Chapter 11 Cases in respect of an Unscheduled Claim.

16. No later than five (5) business days after the entry of this Order, the Debtors, through Prime Clerk or otherwise, shall serve the Bar Dates Notice Package, including a copy of the Bar Date Notice substantially in the form attached to the Motion as **Exhibit A** and the Proof of Claim Form substantially in the form attached hereto as **Exhibit 1** respectively, by first-class mail, postage prepaid, on:

    a. all known holders of claims or potential claims, including all entities listed in the Schedules as potentially holding claims;

    b. the office of the United States Trustee for the District of Delaware;

    c. U.S. and Canadian counsel to the Creditors' Committee;

    d. U.S. and Canadian counsel to the Official Committee of Equity Security Holders;

    e. all parties that have requested notice in these cases pursuant to Bankruptcy Rule 2002 as of the date of the entry of the Bar Dates Order;

    f. all parties that are on the service list or have served notices of appearance in the Canadian Proceedings;

    g. all counterparties to executory contracts and unexpired leases of the Debtors;

    h. all parties to litigation with the Debtors;

    i. the District Director of Internal Revenue for the District of Delaware and all other taxing authorities for the jurisdictions (including all Canadian jurisdictions) in which the Debtors conduct business;

    j. all relevant state and provincial attorneys general;

        k.        all holders of record of any Interests in any of the Debtors as of the date of the Bar Date Order (although copies of the Proof of Claim Form will not be provided to them); and

        l.        such additional persons and entities as deemed appropriate by the Debtors.

17.      The Proof of Claim Form mailed to such entities will indicate how the Debtors have scheduled the creditor's claim in the Schedules, including: (i) the identity of the Debtor against which the entity's claim is scheduled; (ii) the amount of the claim, if any; (iii) whether the claim is listed as disputed, contingent or unliquidated; and (iv) whether the claim is listed as a secured, preferred, unsecured non-priority or secured, preferred, unsecured non-priority, unsecured priority claim or otherwise entitled to special treatment under applicable US or Canadian law in connection with the Chapter 11 Cases or the Canadian Proceedings. Any entity that relies on the information in the Schedules will bear responsibility for determining that its claim is accurately listed therein.

18.      Pursuant to Bankruptcy Rule 2002(l) and 9008, the Debtors shall publish notice of the Bar Dates substantially in the form attached to the Motion as **Exhibit C** (the "Publication Notice") *(i) in French in La Presse; (ii) in English in the National Edition of the Globe and Mail, and (iii) in English in the National Edition of USA Today and the International Edition of the Wall Street Journal* as a means to provide notice of the Bar Dates to such unknown potential claimants. The Debtors will cause such publication to occur no later than seven days after serving the Bar Dates Notice Package.

19.      Notice provided by this Order to foreign creditors is sufficient under Bankruptcy Rule 2002(p).

20.      If an entity timely submits a proof of claim to the Monitor by the Bar Date applicable to such entity, such proof of claim will be forwarded to Prime Clerk for inclusion on

01:21321967.4

the Debtors' official claims register and shall be deemed timely filed in the Chapter 11 Cases and the Canadian Proceedings.

21. The Debtors and Prime Clerk are authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this order.

22. The entry of this order is without prejudice to the right of the Debtors to seek a further order of this Court fixing a date by which holders of claims or interests not subject to the Bar Dates established herein must file proofs of claim or interest.

23. This Order is without prejudice to the Debtors' right to seek further orders of this Court to implement specific procedures for the reconciliation and/or resolution of claims against the Debtors, including, without limitation, pursuant to any Cross-Border Claims Protocol approved by the Court.

24. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: **Dec 19**, 2016
Wilmington, Delaware

THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE