## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| OLD BPSUSH INC., *et al.,*[1] | ) | Case No. 16-12373 (KJC) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Objection Deadline: February 6, 2018 at 4:00 p.m. (ET)** |
| | ) | **Hearing Date: March 1, 2018 at 11:00 a.m. (ET)** |

---

**PARTIES RECEIVING THIS OBJECTION SHOULD REVIEW <u>EXHIBITS A</u>, <u>B</u>, AND <u>C</u> TO THE PROPOSED ORDER TO DETERMINE IF THEIR CLAIM IS SUBJECT TO THIS OBJECTION.  PARTIES WHOSE CLAIMS ARE LISTED ON THE EXHIBITS ATTACHED TO THE PROPOSED ORDER MAY HAVE SUBSTANTIVE RIGHTS AFFECTED BY THIS OBJECTION.**

## LIQUIDATION TRUSTEE'S FIRST OMNIBUS OBJECTION TO CERTAIN CLAIMS (SUBSTANTIVE)

Mark E. Palmer, the liquidation trustee (the "<u>Liquidation Trustee</u>") in the chapter 11

cases of the above-captioned affiliated debtors (each a "<u>Debtor</u>," and collectively, the

"<u>Debtors</u>"), by and through his undersigned counsel, hereby files his first omnibus objection

(the "<u>Objection</u>") seeking entry of an order disallowing or modifying (as applicable) the claims

listed on **<u>Exhibits A</u>, <u>B</u>,** and **<u>C</u>** annexed to the proposed order attached hereto as **<u>Exhibit 2</u>**

(the "<u>Proposed Order</u>").  The putative claims listed on **<u>Exhibits A</u>, <u>B</u>,** and **<u>C</u>** are collectively

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Old BPSUSH Inc. (f/k/a BPS US Holdings Inc.) (8341); Old BH Inc. (f/k/a Bauer Hockey, Inc.) (3094); Old EBS Inc. (f/k/a Easton Baseball / Softball Inc.) (5670); Old BHR Inc. (f/k/a Bauer Hockey Retail Inc.) (6663); Old BPSU Inc. (f/k/a Bauer Performance Sports Uniforms Inc.) (1095); Old PLG Inc. (f/k/a Performance Lacrosse Group Inc.) (4200); Old BPSCI Inc. (f/k/a BPS Diamond Sports Inc.) (5909); Old PSGI Inc. (f/k/a PSG Innovation Inc.) (9408); Old BHR Wind-down Corp. (f/k/a Bauer Hockey Retail Corp.) (1899); Old EBS Wind-down Corp. (f/k/a Easton Baseball / Softball Corp.) (4068); Old PSGI Wind-down Corp. (f/k/a PSG Innovation Corp.) (2165); Old BPSDS Wind-down Corp. (f/k/a BPS Diamond Sports Corp.) (8049); Old BPSU Wind-down Corp. (f/k/a Bauer Performance Sports Uniforms Corp.) (2203); Old PLG Wind-down Corp. (f/k/a Performance Lacrosse Group Corp.) (1249); and Old PSG Wind-down Ltd. (1514) (f/k/a Performance Sports Group Ltd., and also representing the estates of the Debtors formerly known as KBAU Holdings Canada, Inc., Bauer Hockey Corp., and BPS Canada Intermediate Corp., respectively).  The Debtors' mailing address is 666 Burrard Street, Suite 1700, Vancouver, British Columbia, Canada, V6C 2X8.

referred to herein as the "Disputed Claims," and all of such exhibits are incorporated herein by reference.  In support of this Objection, the Liquidation Trustee relies on the *Declaration of Jay Herriman in Support of the Liquidation Trustee's First Omnibus Objection to Certain Claims (Substantive)* (the "Herriman Declaration"), attached hereto as **Exhibit 1**.  In further support of this Objection, the Liquidation Trustee respectfully state as follows:

## JURISDICTION AND VENUE

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b), and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b) and pursuant to Local Rule 9013-1(f), the Liquidation Trustee consents to the entry of a final order by the Court in connection with this Objection to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      The statutory and legal predicates for the relief requested herein are section 502 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), rules 3007 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedures of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

## BACKGROUND

**A.      General Background**

3.      On October 31, 2016 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases").  Each of the Debtors also filed for protection from their creditors under Canada's *Companies' Creditors*

*Arrangement Act*, R.S.C. 1985, c. C-36, as amended (the "CCAA"), in the Ontario Superior Court of Justice (Commercial List) (the "Canadian Court," and the filing, the "Canadian Proceedings").

4.      The Debtors continued managing their properties and operating their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.      On November 10, 2016, the Office of the United States Trustee for the District of Delaware (the "UST") appointed a statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").  On November 28, 2016, the UST appointed a statutory committee of equity security holders pursuant to section 1102 of the Bankruptcy Code (the "Equity Committee").  A monitor (the "Monitor")[2] has been appointed in the Canadian Proceedings.

6.      Additional information about the Debtors' business and the events leading to the commencement of these Chapter 11 Cases and the Canadian Proceedings (together, the "Bankruptcy Proceedings") can be found in the *Declaration of Brian J. Fox in Support of Debtors' Chapter 11 Petitions and First-Day Motions* [D.I. 15], which is incorporated herein by reference.

**B.      Schedules and Claims**

7.      On November 1, 2016, the Court entered an order [Docket No. 67] appointing Prime Clerk LLC ("Prime Clerk") as claims and noticing agent in these Bankruptcy Proceedings. Among other things, Prime Clerk is authorized to (a) receive, maintain, and record and otherwise

---

[2] A Monitor is an independent officer appointed by the Canadian Court pursuant to the CCAA. The Monitor assists with the debtor company's operations and restructuring and fulfils such responsibilities as provided for in the CCAA or as may be ordered by the Canadian Court from time to time. The Monitor also reports to the Canadian Court on material matters and often provides recommendations about a proposed action to the Canadian Court.

administer the proofs of claim filed in the Bankruptcy Proceedings and (b) maintain official claims registers for each of the Debtors.

8.      On December 16, 2016, each of the Debtors filed their Schedules of Assets and Liabilities [Docket Nos. 280, 282, 284, 286, 288, 290, 292, 294, 296, 298, 300, 302, 304, 306, 308, 310, 312 & 314] (collectively, including any amendments thereto, the "Schedules").

**C.      Bar Dates**

9.      On December 19, 2016, the Court entered an order [Docket No. 327] (the "General Bar Date Order") providing that, except as otherwise provided therein, (i) all entities holding claims against the Debtors that arose before the Petition Date, including claims that are secured, preferred, unsecured non-priority, unsecured priority or otherwise entitled to special treatment under applicable U.S. or Canadian law in connection with the Chapter 11 Cases or the Canadian Proceedings, must file proofs of claim by February 6, 2017 at 5:00 p.m. Eastern Time (the "General Bar Date"); and (ii) all governmental units, as defined in section 101(27) of the Bankruptcy Code, must file a proof of any such claim by May 1, 2017 at 5:00 p.m. Eastern Time (the "Government Bar Date").

10.     The General Bar Date Order further provides that any entity whose claims arise out of (i) the Court approved rejection of an executory contract or unexpired lease, in accordance with section 365 of the Bankruptcy Code and pursuant to an order entered prior to the confirmation of a plan in the applicable Debtor's case, or (ii) the disclaimer by a Debtor of a contract pursuant to section 32 of the CCAA, must file a proof of claim on or before the later of: (i) the General Bar Date; or (ii) in the Chapter 11 Cases, 30 days after the entry of the order providing for the rejection of such executory contract or unexpired lease in the Chapter 11 Cases; or (iii) in the Canadian Proceedings, 30 days after the effective date of the disclaimer by a Debtor

in accordance with section 32 of the CCAA.  The later of these dates, as applicable, is referred to in the General Bar Date Order as the "Rejection Bar Date."

11.    The General Bar Date Order further provides that if, subsequent to the mailing date of the notice of the General Bar Date Order, a Debtor amends or supplements its Schedules to reduce the undisputed, noncontingent and liquidated amount or to change the nature or classification of a claim against a Debtor reflected therein, any affected entities that dispute such amendments or supplements to the Schedules (such Schedules, the "Amended Schedules") are required to file a proof of claim or amend any previously filed proof of claim in respect of the Amended Schedules claim on or before the later of:  (i) the General Bar Date; and (ii) 30 days after the date that notice of the applicable Amended Schedules is served on the claimant.  The later of these dates is referred in the General Bar Date Order as the "Amended Schedule Bar Date."

12.    On April 10, 2017, the Court entered an order (the "Employee Claims Bar Date Order") [Docket No. 1005] providing that all Employees have until May 17, 2017 at 5:00 p.m., prevailing Eastern Time (the "Employee Claims Bar Date" and, together with the General Bar Date, the Government Bar Date, the Rejection Bar Date, and the Amended Schedule Bar Date, the "Bar Dates") to file a proof of claim against the Debtors in these Chapter 11 Cases in accordance with the terms thereof, provided, however, that nothing in the Employee Claims Bar Date Order shall be deemed to enlarge or extend the bar dates for any parties that were previously required to file proofs of claim pursuant to the General Bar Date Order.  The Employee Claims Bar Date Order further provides that Employees (as defined therein) who fail to file a claim on or before the Employee Claims Bar Date with respect to any alleged obligation of the Debtors, whether arising before or after the Petition Date, and including but not limited to

5

claims against any of the Debtors for indemnification or reimbursement and any claims arising

from the rejection of the Employment Agreements (as defined therein), are forever barred,

estopped, and enjoined from asserting such claim against any of the Debtors (or filing a Proof of

Claim with respect thereto) and are not be permitted to vote to accept or reject any chapter 11

plan filed in these Chapter 11 Cases, solely in connection with such claim, participate in any

distribution in these Chapter 11 Cases on account of such claim, or receive further notices

regarding such claim.

13.     Notice of the Bar Dates was provided by mail and publication in accordance with

the procedures outlined in the applicable Orders.

**D.      Confirmation of the Plan and Appointment of the Liquidation Trustee**

14.     On December 20, 2017, the Court entered its *Findings of Fact, Conclusions of*

*Law, and Order Confirming First Amended Joint Chapter 11 Plan of Liquidation of Old*

*BPSUSH Inc. and Its Affiliated Debtors* (the "Confirmation Order") [Docket No. 1566]

confirming the *First Amended Joint Chapter 11 Plan of Liquidation of Old BPSUSH Inc. and its*

*Affiliated Debtors* [Docket No. 1473] (the "Plan").[3]

15.     The Effective Date of the Plan occurred on December 21, 2017.

16.     Pursuant to section VI.A of the Plan, after the Effective Date, the Liquidation

Trustee shall have the authority, after consultation with the Monitor, to file objections and to

settle, compromise, withdraw or litigate to judgment objections to Claims as set forth in the Plan.

**E.      Claims Resolution Process**

17.     The Liquidation Trustee and its advisors have been reviewing and reconciling the

filed proofs of claim with the Debtors' books and records to determine the validity of the

---

[3] Capitalized terms used but not otherwise defined herein shall be given the meanings ascribed to them in the Plan.

asserted claims.  This reconciliation process includes identifying particular categories of claims that may be targeted for disallowance and expungement.  To avoid possible double recovery or otherwise improper recovery by claimants, the Liquidation Trust is filing this omnibus Objection to the Disputed Claims and anticipates filing additional omnibus objections in the future.

## RELIEF REQUESTED

18.    By this Objection, the Liquidation Trustee seeks entry of the Proposed Order, pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3007 and 9014, and Local Rule 3007-1, disallowing the claims indicated on **Exhibits A** and **B** to the Proposed Order, and modifying the claims listed on **Exhibit C** to the Proposed Order.

## CLAIMS OBJECTIONS – BASIS FOR RELIEF

19.    When asserting a proof of claim against a bankrupt estate, a claimant must allege facts that, if true, would support a finding that the debtor is legally liable to the claimant.  *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3d. Cir. 1992); *Matter of Int'l Match Corp.*, 69 F.2d 73, 76 (2d Cir. 1934) (finding that a proof of claim should at least allege facts from which legal liability can be seen to exist).  Where the claimant alleges sufficient facts to support its claim, its claim is afforded *prima facie* validity.  *In re Allegheny Int'l, Inc.*, 954 F.2d at 173.  A party wishing to dispute such a claim must produce evidence in sufficient force to negate the claim's *prima facie* validity.  *Id*.

20.    In practice, the objecting party must produce evidence that "would refute at least one of the allegations that is essential to the claim's legal sufficiency."  *In re Allegheny Int'l, Inc.*, 954 F.2d at 173.  Once the objecting party produces such evidence, the burden shifts back to the claimant to prove the validity of his or her claim by a preponderance of the evidence.  *Id*. "The burden of persuasion is always on the claimant."  *Id*.

7

21.    By this Objection, the Liquidation Trustee objects to the following categories of claims:

**A.    No Liability Claims**

22.    After reconciling each of them against the Debtors' books and records, the Liquidation Trustee has determined that the respective Debtor is not liable with respect to the Disputed Claims identified on **Exhibit A** to the Proposed Order (collectively, the "No Liability Claims") for the reasons set forth on **Exhibit A** to the Proposed Order.  Upon review of the No Liability Claims, the Liquidation Trustee believes there is either no liability on the part of the Debtors at all or, in some instances, no liability for such claims against the respective Debtor each claim was asserted against, and a proof of claim was also separately asserted against a different Debtor.  Thus, the Liquidation Trustee believes that the No Liability Claims should be disallowed.  Any failure to disallow the No Liability Claims could result in the applicable claimants receiving an unwarranted recovery against the Debtors' estates, to the detriment of shareholders in these Chapter 11 Cases.

23.    Accordingly, the Liquidation Trustee objects to the No Liability Claims, and requests entry of the Proposed Order disallowing and expunging each of the No Liability Claims.

**B.    Stock Option Claims**

24.    The Disputed Claims identified on **Exhibit B** annexed to the Proposed Order (each a "Stock Option Claim") assert a claim based on options to purchase equity in the Debtors. The Liquidation Trustee has reviewed the Stock Option Claims and the Debtors' books and records and has determined that each of the Stock Option Claims should be disallowed and expunged, as set forth on **Exhibit B** to the Proposed Order, because such Stock Option Claims fall within Section V.F of the Plan, which provides that any contingent or unexercised option,

warrant, or right, contractual or otherwise, to acquire or be awarded any interest in a Debtor, including but not limited to unvested restricted share units, or other such forms of interest, other than those restricted share units and deferred share units identified in the Plan Supplement, were cancelled as of the Effective Date without the exchange of any such option, warrant, or right to acquire equity.

25.     Accordingly, consistent with the Plan and to prevent the claimants asserting the Stock Option Claims from receiving an unwarranted recovery from the Debtors' estates, the Liquidation Trustee seeks entry of the Proposed Order disallowing the Stock Option Claims.

**C.     Modified Claims**

26.     The Disputed Claims identified on **Exhibit C** to the Proposed Order under the column titled "*Claim No. to be Modified*" (collectively, the "Modified Claims") assert an amount that is higher than the amount of liability reflected in the books and records of the Debtors or assert amounts that have already been asserted in other proofs of claim. Thus, after reviewing the Modified Claims and reconciling them against the Debtors' books and records, the Liquidation Trustee believes that the Modified Claims should be modified by reducing the amount thereof to the dollar values indicated in the column titled "*Modified Claim Amount and Classification*" on Exhibit C to the Proposed Order. Any failure to modify the Modified Claims, as indicated on Exhibit C to the Proposed Order, will result in the applicable claimants receiving an unwarranted recovery against the Debtors' estates.

27.     Accordingly, the Liquidation Trustee objects to the Modified Claims and request entry of the Proposed Order modifying each of the Modified Amount Claims, as indicated on Exhibit C to the Proposed Order.

28.    For the reasons discussed above, on the exhibits annexed to the Proposed Order and in the Herriman Declaration, the Disputed Claims addressed in this Objection should be disallowed in their entirety or otherwise modified as set forth in **Exhibits A-C**.

## SEPARATE CONTESTED MATTERS

29.    To the extent that a response is filed regarding any Disputed Claim listed in the Objection and the Liquidation Trustee are unable to resolve the response consensually, each such claim, and the objection by the Liquidation Trustee to each such claim asserted herein, shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014.  Any order entered by the Court regarding the Objections shall be deemed a separate order with respect to each claim.

## RESERVATION OF RIGHTS

30.    The Liquidation Trustee hereby reserves the right to object in the future to any of the proofs of claim listed in this Objection or on the exhibits attached hereto on any ground, and to amend, modify, and/or supplement this Objection, including to object to amended or newly filed claims.  Separate notice and hearing will be scheduled for any such objection.

## COMPLIANCE WITH LOCAL RULE 3007-1

31.    To the best of the Liquidation Trustee's knowledge and belief, this Objection and the related exhibits annexed to the Proposed Order comply with Local Rule 3007-1.  To the extent that this Objection does not comply in all respects with the requirements of Local Rule 3007-1, the Liquidation Trustee believes such deviations are not material and respectfully requests that any such requirement be waived.

## NOTICE

32.     Notice of the filing of this Objection has been provided to:  (i) the UST; (ii) the Monitor; (iii) each holder of a Disputed Claim that is the subject of this Objection; and (iv) all persons and entities that have filed a request for service of filings in these Chapter 11 Cases pursuant to Bankruptcy Rule 2002.  A copy of the Objection has been made available on the website of the claims and noticing agent for these Chapter 11 Cases, Prime Clerk, at https://*cases.primeclerk.com/PSG*.  In light of the nature of the relief requested herein, the Liquidation Trustee submits that no other or further notice is necessary.

*[Remainder of this page intentionally left blank]*

WHEREFORE, the Liquidation Trustee respectfully requests that this Court enter the

Proposed Order, substantially in the form attached hereto as **Exhibit 2**, and grant such other and

further relief as this Court deems just and proper.

Dated: January 22, 2018          YOUNG CONAWAY STARGATT & TAYLOR, LLP
       Wilmington, Delaware

                                    */s/ Justin H. Rucki*
                                    Pauline K. Morgan (No. 3650)
                                    Sean T. Greecher (No. 4484)
                                    Justin H. Rucki (No. 5304)
                                    Shane M. Reil (No. 6195)
                                    Rodney Square
                                    1000 North King Street
                                    Wilmington, Delaware 19801
                                    Telephone: (302) 571-6600
                                    Facsimile: (302) 571-1253

                                    *Counsel to the Liquidation Trustee*