## **EXHIBIT 1**

**Herriman Declaration**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| OLD BPSUSH INC., *et al.*,[1] | ) | Case No. 16-12373 (KJC) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | |

**DECLARATION OF JAY HERRIMAN IN SUPPORT OF THE LIQUIDATION TRUSTEE'S FIRST OMNIBUS OBJECTION TO CERTAIN CLAIMS (SUBSTANTIVE)**

I, Jay Herriman, pursuant to 28 U.S.C. § 1746, declare:

1. I am a Managing Director at Alvarez & Marsal, which was retained by the Debtors in these Bankruptcy Proceedings to provide restructuring advisory services, including the services of Brian J. Fox, the Debtors' Chief Restructuring Officer, and continues to provide certain services post-Effective Date to the Liquidation Trustee. In this capacity, I was and am one of the persons responsible for overseeing the claims reconciliation and objection process in these Chapter 11 Cases. I have read the *Liquidation Trustee's First Omnibus Objection to Certain Claims (Substantive)* (the "Objection"),[2] and am directly, or by and through other professional advisors to, or personnel or representatives of, the Debtors and the Liquidation

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Old BPSUSH Inc. (f/k/a BPS US Holdings Inc.) (8341); Old BH Inc. (f/k/a Bauer Hockey, Inc.) (3094); Old EBS Inc. (f/k/a Easton Baseball / Softball Inc.) (5670); Old BHR Inc. (f/k/a Bauer Hockey Retail Inc.) (6663); Old BPSU Inc. (f/k/a Bauer Performance Sports Uniforms Inc.) (1095); Old PLG Inc. (f/k/a Performance Lacrosse Group Inc.) (4200); Old BPSCI Inc. (f/k/a BPS Diamond Sports Inc.) (5909); Old PSGI Inc. (f/k/a PSG Innovation Inc.) (9408); Old BHR Wind-down Corp. (f/k/a Bauer Hockey Retail Corp.) (1899); Old EBS Wind-down Corp. (f/k/a Easton Baseball / Softball Corp.) (4068); Old PSGI Wind-down Corp. (f/k/a PSG Innovation Corp.) (2165); Old BPSDS Wind-down Corp. (f/k/a BPS Diamond Sports Corp.) (8049); Old BPSU Wind-down Corp. (f/k/a Bauer Performance Sports Uniforms Corp.) (2203); Old PLG Wind-down Corp. (f/k/a Performance Lacrosse Group Corp.) (1249); and Old PSG Wind-down Ltd. (1514) (f/k/a Performance Sports Group Ltd., and also representing the estates of the Debtors formerly known as KBAU Holdings Canada, Inc., Bauer Hockey Corp., and BPS Canada Intermediate Corp., respectively). The Debtors' mailing address is 666 Burrard Street, Suite 1700, Vancouver, British Columbia, Canada, V6C 2X8.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

Trust, reasonably familiar with the information contained therein, the Proposed Order, and the exhibits attached to the Proposed Order. I am authorized to execute this Declaration on behalf of the Liquidation Trustee.

2. Considerable resources and time have been expended in reviewing and reconciling the proofs of claim filed or pending against the Debtors and their estates in these Chapter 11 Cases.

3. I, along with my colleagues and other professional advisors retained by the Liquidation Trustee, was involved in the process of reviewing and reconciling the proofs of claim, as well as in the preparation of the Objection. In this regard, I along with my colleagues and other professional advisors retained by the Liquidation Trustee (a) reviewed (i) the claims register, by which we identified claims that should be disallowed or modified, and (ii) the Debtors' books and records with respect to the claims described in the Objection, (b) conferred with the Debtors' employees, former employees and outside counsel having knowledge relevant to understanding the validity of the claims, (c) approved the inclusion of the claims in the Objection, and (d) reviewed the Objection and the Proposed Order. Accordingly, I am reasonably familiar with the information contained therein and in **Exhibits A, B** and **C** to the Proposed Order.

4. The information contained in **Exhibits A, B** and **C** to the Proposed Order is true and correct to the best of my knowledge, information and belief.

5. I, or those working under my supervision, have reviewed the Debtors' books and records on behalf of the Liquidation Trustee and have determined that the applicable Debtors' estates have no record of any liability on account of the No Liability Claims. Accordingly, to prevent the claimants from potentially receiving an unwarranted recovery to the detriment of

3

other stakeholders in these Chapter 11 Cases, the Liquidation Trustee seeks to disallow the No Liability Claims identified on **Exhibit A** to the Proposed Order.

6.   I, or those working under my supervision, have reviewed the reviewed the Stock Option Claims and compared them with the Debtors books and records and have determined that the Stock Option Claims are properly disallowed in accordance with the Debtors' Plan. Accordingly, the Liquidation Trustee seeks to disallow the Stock Option Claims identified on **Exhibit B** to the Proposed Order.

7.   Through our review of the claims register in these Chapter 11 Cases and the Debtors' books and records, we have determined that the Modified Claims identified on **Exhibit C** to the Proposed Order should be modified as provided for on **Exhibit C** to the Proposed Order in order to prevent the claimants from potentially receiving an unwarranted recovery to the detriment of other stakeholders of the Debtors' estates.  Thus, the Liquidation Trustee seeks to reduce the value of the Modified Claims, as provided for on **Exhibit C** to the Proposed Order.

8.   I declare under penalty of perjury that the foregoing information is true and correct to the best of my knowledge, information and belief.

| Dated: January 22, 2018 | */s/ Jay Herriman*<br>Jay Herriman<br>Managing Director<br>Alvarez & Marsal |
|---|---|