## EXHIBIT 2

**Proposed Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| OLD BPSUSH INC., *et al.,*[1] | ) | Case No. 16-12373 (KJC) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | |
| | ) | **Ref. Docket No. _____** |

## ORDER DISALLOWING CLAIMS AS SET FORTH IN THE LIQUIDATION TRUSTEE'S FIRST OMNIBUS OBJECTION TO CERTAIN CLAIMS (SUBSTANTIVE)

Upon the objection (the "Objection")[2] of the Liquidation Trustee seeking entry of an order (this "Order") disallowing or modifying certain Disputed Claims pursuant to section 502(b) of the Bankruptcy Code and Rule 3007 of the Bankruptcy Rules; and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157 and the Court may enter a final order hereon consistent with Article III of the U.S. Constitution; and it appearing that venue of this proceeding is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and adequate notice of the Objection and opportunity for response having been given; and it appearing that no other

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Old BPSUSH Inc. (f/k/a BPS US Holdings Inc.) (8341); Old BH Inc. (f/k/a Bauer Hockey, Inc.) (3094); Old EBS Inc. (f/k/a Easton Baseball / Softball Inc.) (5670); Old BHR Inc. (f/k/a Bauer Hockey Retail Inc.) (6663); Old BPSU Inc. (f/k/a Bauer Performance Sports Uniforms Inc.) (1095); Old PLG Inc. (f/k/a Performance Lacrosse Group Inc.) (4200); Old BPSCI Inc. (f/k/a BPS Diamond Sports Inc.) (5909); Old PSGI Inc. (f/k/a PSG Innovation Inc.) (9408); Old BHR Wind-down Corp. (f/k/a Bauer Hockey Retail Corp.) (1899); Old EBS Wind-down Corp. (f/k/a Easton Baseball / Softball Corp.) (4068); Old PSGI Wind-down Corp. (f/k/a PSG Innovation Corp.) (2165); Old BPSDS Wind-down Corp. (f/k/a BPS Diamond Sports Corp.) (8049); Old BPSU Wind-down Corp. (f/k/a Bauer Performance Sports Uniforms Corp.) (2203); Old PLG Wind-down Corp. (f/k/a Performance Lacrosse Group Corp.) (1249); and Old PSG Wind-down Ltd. (1514) (f/k/a Performance Sports Group Ltd., and also representing the estates of the Debtors formerly known as KBAU Holdings Canada, Inc., Bauer Hockey Corp., and BPS Canada Intermediate Corp., respectively).  The Debtors' mailing address is 666 Burrard Street, Suite 1700, Vancouver, British Columbia, Canada, V6C 2X8.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

notice need be given; and the Court having considered the Objection, the Herriman Declaration, the Disputed Claims listed on **Exhibits A, B** and **C** attached hereto, and any responses thereto; and the Court having determined that there exists just cause for the relief granted herein; and upon the record herein; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED**:

1.    This Objection is sustained to the extent set forth herein.

2.    The No Liability Claims listed on **Exhibit A** hereto are hereby disallowed in their entirety.

3.    The Stock Option Claims listed on **Exhibit B** hereto are hereby disallowed in their entirety.

4.    The Modified Claims identified on **Exhibit C** hereto are hereby modified to the amounts indicated in the column titled "*Modified Claim Amount and Classification*" on **Exhibit C** to this Order.

5.    Prime Clerk, the claims and noticing agent in these Chapter 11 Cases, shall update the claims register to reflect the relief granted in this Order.

6.    The Liquidation Trustee's rights to file additional objections to the Disputed Claims or any other proofs of claim that have been or may be asserted against the Debtors' estates are preserved.  Additionally, should one or more of the grounds of objection stated in the Objection be dismissed, the Liquidation Trustee's rights to object on other stated grounds or on any other grounds that the Liquidation Trustee discovers during the pendency of these Chapter 11 Cases are further preserved.

7.    Each Disputed Claim and the objections by the Liquidation Trustee to such Disputed Claim, as addressed in the Objection and as set forth in **Exhibits A, B** and **C** attached

hereto, constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014 and

Local Rule 3007-1.  This Order shall be deemed a separate Order with respect to each Disputed

Claim.  Any stay of this Order pending appeal by any claimant whose Disputed Claim is subject to

this Order shall only apply to the contested matter that involves such claimant and Disputed Claim

and shall not act to stay the applicability and/or finality of this Order with respect to the other

contested matters or Disputed Claims listed in the Objection or this Order.

8.      The terms and conditions of this Order shall be immediately effective and

enforceable, and the time to appeal this Order shall commence upon its entry.  All time periods set

forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

9.      The Court shall retain jurisdiction with respect to all matters related to or arising

from the Objection or the implementation of this Order.


Dated: _____, 2018
        Wilmington, Delaware

_____
Kevin J. Carey
United States Bankruptcy Judge

**<u>EXHIBIT A</u>**[1]

**No Liability Claims**

---

[1] Capitalized terms used but not otherwise defined on **<u>Exhibit A</u>** shall have the meanings given to such terms in the Objection.

Old BPSUSH Inc. 16-12373 (KJC)
First Omnibus Objection
Exhibit A - No Liability Claims

| | NAME OF CLAIMANT | CASE NUMBER | CLAIM TO BE DISALLOWED | AMOUNT |
|---|---|---|---|---|
| 1 | 1099691 ONTARIO INC. O/A THE SPORTS COMPANY<br>C/O CRG FINANCIAL LLC<br>100 UNION AVENUE<br>CRESSKILL, NJ 07626 | 16-12374 (KJC) | 588 | $ 320,000.00 |

REASON: This claim was filed against Debtor Bauer Hockey, Inc. and such Debtors' books and records show it is not liable on such claim. This alleged debt was also the subject of a claim filed against Debtor Bauer Hockey Corp. (Claim Number 587), and the Debtors believe any liability on account of this alleged debt is only properly asserted against such other Debtor.

| | | | | |
|---|---|---|---|---|
| 2 | ALEXANDER, GARNET<br>582 MAPLEBROOK AVE<br>BEACONSFIELD, QC H9W3J8<br>CANADA | 16-12373 (KJC) | 670[1][2] | Undetermined* |

REASON: Claim asserts a right to payment on account of prepetition retention programs. The claimant waived the right to receive any such amounts in connection with the claimant's receipt of an award under the Key Employee Retention Plan approved by this Court.

| | | | | |
|---|---|---|---|---|
| 3 | COVELLA, ROCCO<br>10536 WOODBRIDGE ST<br>TOLUCA LAKE, CA 91602 | 16-12381 (KJC) | 483 | Undetermined* |

REASON: Claim asserts a right to payment on account of prepetition retention programs. The claimant waived the right to receive any such amounts in connection with the claimant's receipt of an award under the Key Employee Retention Plan approved by this Court.

| | | | | |
|---|---|---|---|---|
| 4 | COVELLA, ROCCO<br>10536 WOODBRIDGE ST<br>TOLUCA LAKE, CA 91602 | 16-12375 (KJC) | 686 | $ 96,071.50 |

REASON: The Debtors books and records show no liability on account of severance obligations.

| | | | | |
|---|---|---|---|---|
| 5 | CRG FINANCIAL LLC (AS ASSIGNEE OF DANIEL BEAMER)<br>100 UNION AVENUE<br>CRESSKILL, NJ 07626 | 16-12381 (KJC) | 701 | $ 126,600.58 |

REASON: This claim was filed against Debtor Performance Sports Group Ltd. and such Debtors' books and records show it is not liable on such claim. This alleged debt was also the subject of a claim filed against Debtor Easton Baseball / Softball Inc. (Claim Number 703), and the Debtors believe any liability on account of this alleged debt is only properly asserted against such other Debtor.

| | | | | |
|---|---|---|---|---|
| 6 | CRG FINANCIAL LLC (AS ASSIGNEE OF HARMAN, TODD)<br>100 UNION AVENUE<br>CRESSKILL, NJ 07626 | 16-12381 (KJC) | 702 | $ 393,460.00* |

REASON: This claim was filed against Debtor Performance Sports Group Ltd. and such Debtors' books and records show it is not liable on such claim. This alleged debt was also the subject of a claim filed against Debtor Easton Baseball / Softball Inc. (Claim Number 486), and the Debtors believe any liability on account of this alleged debt is only properly asserted against such other Debtor.

| | | | | |
|---|---|---|---|---|
| 7 | CRG FINANCIAL LLC (AS ASSIGNEE OF PAUL ENGLISH)<br>100 UNION AVENUE<br>CRESSKILL, NJ 07626 | 16-12381 (KJC) | 708 | $ 147,801.00 |

REASON: This claim was filed against Debtor Performance Sports Group Ltd. and such Debtors' books and records show it is not liable on such claim. This alleged debt was also the subject of a claim filed against Debtor Easton Baseball / Softball Inc. (Claim Number 709), and the Debtors believe any liability on account of this alleged debt is only properly asserted against such other Debtor.

* - Indicates claim contains unliquidated and/or undetermined amounts
(1) Claim also contained on Exhibit A to the Second Omnibus Objection for No Liability Equity Claims as to the portion of the Claim asserting equity interest in the Debtors.
(2) Claim also contained on Exhibit B to the First Omnibus Objection for No Liability Stock Options Claims as to the portion of the Claim asserting stock option awards.
(3) Claim also contained on Exhibit C to the Second Omnibus Objection for Amended Claims

Old BPSUSH Inc. 16-12373 (KJC)
First Omnibus Objection
Exhibit A - No Liability Claims

| | NAME OF CLAIMANT | CASE NUMBER | CLAIM TO BE DISALLOWED | AMOUNT |
|---|---|---|---|---|
| 8 | CRG FINANCIAL LLC (AS ASSIGNEE OF VADNAIS STEEL LTD.) 100 UNION AVENUE CRESSKILL, NJ 07626 | 16-12373 (KJC) | 470 | $ 654.49 |

REASON: This claim was filed against Debtor BPS US Holdings Inc. and such Debtors' books and records show it is not liable on such claim.  This alleged debt was also the subject of a claim filed against Debtor BPS Diamond Sports Inc. (Claim Number 535), and the Debtors believe any liability on account of this alleged debt is only properly asserted against such other Debtor.

| | | | | |
|---|---|---|---|---|
| 9 | DUCHARME, MATHIEU 1088 MOZART PREVOST, QC J0R1T0 CANADA | 16-12373 (KJC) | 667[(2)(3)] | $ 93,750.00 |

REASON: Claim asserts a right to payment on account of prepetition retention programs.  The claimant waived the right to receive any such amounts in connection with the claimant's receipt of an award under the Key Employee Retention Plan approved by this Court.

| | | | | |
|---|---|---|---|---|
| 10 | DUCHARME, MATHIEU 1088 MOZART PREVOST, QC J0R1T0 CANADA | 16-12373 (KJC) | 665[(2)] | $ 93,750.00 |

REASON: Claim asserts a right to payment on account of prepetition retention programs.  The claimant waived the right to receive any such amounts in connection with the claimant's receipt of an award under the Key Employee Retention Plan approved by this Court.

| | | | | |
|---|---|---|---|---|
| 11 | ENGLISH, PAUL C/O ERCOLANI LAW GROUP 4195 E. THOUSAND OAKS BLVD, STE 175 WESTLAKE VILLAGE, CA 91362 | 16-12381 (KJC) | 697 | $ 39,375.00 |

REASON: Debtors dispute they are liable on account of the asserted Cash Incentive Award. Accordingly, the Debtors believe the claim should be disallowed in its entirety.

| | | | | |
|---|---|---|---|---|
| 12 | ENGLISH, PAUL C/O ERCOLANI LAW GROUP 4195 E. THOUSAND OAKS BLVD, STE 175 WESTLAKE VILLAGE, CA 91362 | 16-12375 (KJC) | 699 | $ 39,375.00 |

REASON: Debtors dispute they are liable on account of the asserted Cash Incentive Award. Accordingly, the Debtors believe the claim should be disallowed in its entirety.

| | | | | |
|---|---|---|---|---|
| 13 | FODDRILL, CRAIG 8712 MANHATTAN AVE. PLANO, TX 75024 | 16-12373 (KJC) | 129 | $ 11,188.15 |

REASON: Based on review of the Debtors' books and records, no amounts are due and owing to claimant for sales commissions.

| | | | | |
|---|---|---|---|---|
| 14 | GASOWSKI, SAMUEL E. 70 QUEENS GARDEN DR. THOUSAND OAKS, CA 91361 | 16-12375 (KJC) | 203[(1)(2)] | $ 134,860.00* |

REASON: Claim asserts a right to payment on account of prepetition retention programs.  The claimant waived the right to receive any such amounts in connection with the claimant's receipt of an award under the Key Employee Retention Plan approved by this Court.

| | | | | |
|---|---|---|---|---|
| 15 | HEALEY, PAUL 55 WINTERGREEN DRIVE NORTH ANDOVER, MA 01845 | 16-12374 (KJC) | 609 | $ 72,000.00 |

REASON: Debtors dispute they are liable on account of the asserted bonus. Accordingly, the Debtors believe the claim should be disallowed in its entirety.

| | | | | |
|---|---|---|---|---|
| 16 | JONES, STEVEN 40 TOPPANS LANE NEWBURYPORT, MA 01950 | 16-12381 (KJC) | 659 | $ 134,860.00 |

REASON: Claim asserts a right to payment on account of prepetition retention programs.  The claimant waived the right to receive any such amounts in connection with the claimant's receipt of an award under the Key Employee Retention Plan approved by this Court.

Old BPSUSH Inc. 16-12373 (KJC)
First Omnibus Objection
Exhibit A - No Liability Claims

| | NAME OF CLAIMANT | CASE NUMBER | CLAIM TO BE DISALLOWED | AMOUNT |
|---|---|---|---|---|
| 17 | MISSOURI DEPARTMENT OF REVENUE GENERAL COUNSEL'S OFFICE PO BOX 475 JEFFERSON CITY, MO 65105 | 16-12375 (KJC) | 592 | $ 0.00 |
| | REASON: Debtors books and records show no liability due to taxing authority. | | | |
| 18 | MOHNS, TROY C/O ERIC R. BLYTHE, ESQ. - MINTZ LEVIN ONE FINANCIAL CENTER BOSTON, MA 02111 | 16-12381 (KJC) | 529 | $ 271,351.19* |
| | REASON: This claim was filed against Debtor Performance Sports Group Ltd. and such Debtors' books and records show it is not liable on such claim. This alleged debt was also the subject of a claim filed against Debtor Bauer Hockey, Inc.(Claim Number 508), and the Debtors believe any liability on account of this alleged debt is only properly asserted against such other Debtor. | | | |
| 19 | POOLE, LARRY D 120 ROCKINGHAM ROAD GREENVILLE, SC 29607 | 16-12379 (KJC) | 83 | $ 7,089.46* |
| | REASON: Based on review of the Debtors' books and records, no amounts are due and owing to claimant for sales commissions. | | | |
| 20 | QUINN, THOMAS D. 65 WAKEFIELD STREET READING, MA 01867 | 16-12374 (KJC) | 561 | $ 54,047.11 |
| | REASON: Based on review of the Debtors' books and records, no amounts are due and owing to claimant for sales commissions. | | | |
| 21 | SEPULVEDA-AYERS, SANDY 4052 AVENIDA VERANO THOUSAND OAKS, CA 91360 | 16-12375 (KJC) | 620[2] | $ 104,035.00* |
| | REASON: Claim asserts a right to payment on account of prepetition retention programs. The claimant waived the right to receive any such amounts in connection with the claimant's receipt of an award under the Key Employee Retention Plan approved by this Court. | | | |
| 22 | SMITH, MATTHEW C/O MINTZ LEVIN ATTN: ERIC R. BLYTHE, ESQ. ONE FINANCIAL CENTER BOSTON, MA 02111 | 16-12381 (KJC) | 532 | $ 258,421.19* |
| | REASON: This claim was filed against Debtor Performance Sports Group Ltd. and such Debtors' books and records show it is not liable on such claim. This alleged debt was also the subject of a claim filed against Debtor Bauer Hockey, Inc. (Claim Number 517), and the Debtors believe any liability on account of this alleged debt is only properly asserted against such other Debtor. | | | |
| 23 | TOBBE, JENNIFER 339 BOW LAKE ROAD NORTHWOOD, NH 03261 | 16-12381 (KJC) | 211 | $ 28,437.50 |
| | REASON: Claim asserts a right to payment on account of prepetition retention programs. The claimant waived the right to receive any such amounts in connection with the claimant's receipt of an award under the Key Employee Retention Plan approved by this Court. | | | |
| | | | TOTAL | $ 2,427,127.17* |

**EXHIBIT B**[1]

**Stock Option Claims**

---

[1] Capitalized terms used but not otherwise defined on **Exhibit B** shall have the meanings given to such terms in the Objection.

Old BPSUSH Inc. 16-12373 (KJC)
First Omnibus Objection
Exhibit B - No Liability Stock Options Claims

| | NAME OF CLAIMANT | CASE NUMBER | CLAIM TO BE DISALLOWED | AMOUNT |
|---|---|---|---|---|
| 1 | ALEXANDER, GARNET<br>582 MAPLEBROOK AVE<br>BEACONSFIELD, QC H9W3J8<br>CANADA | 16-12373 (KJC) | 670[1][3] | Undetermined* |

REASON: Pursuant to Section V.F. of the Plan, any contingent or unexercised option, warrant, or right, contractual or otherwise, to acquire or be awarded any interest in a Debtor, including but not limited to unvested restricted share units, or other such forms of interest, other than those deferred share units and restricted stock units specifically identified in the Plan Supplement were cancelled without the exchange of any similar interest, or other form of consideration.  Because the asserted claim represents this type of contingent or unexercised option, warrant, or right to acquire equity, and any such right was cancelled by the Plan, the claim has been disallowed.

| | | | | |
|---|---|---|---|---|
| 2 | BAKER, EVAN ALLEN<br>20 COFFINS CT<br>PORTSMOUTH, NH 03801 | 16-12381 (KJC) | 614 | $ 45,065.00 |

REASON: Pursuant to Section V.F. of the Plan, any contingent or unexercised option, warrant, or right, contractual or otherwise, to acquire or be awarded any interest in a Debtor, including but not limited to unvested restricted share units, or other such forms of interest, other than those deferred share units and restricted stock units specifically identified in the Plan Supplement were cancelled without the exchange of any similar interest, or other form of consideration.  Because the asserted claim represents this type of contingent or unexercised option, warrant, or right to acquire equity, and any such right was cancelled by the Plan, the claim has been disallowed.

| | | | | |
|---|---|---|---|---|
| 3 | BAKER, EVAN ALLEN<br>20 COFFINS CT<br>PORTSMOUTH, NH 03801 | 16-12373 (KJC) | 615 | $ 93,815.00 |

REASON: Pursuant to Section V.F. of the Plan, any contingent or unexercised option, warrant, or right, contractual or otherwise, to acquire or be awarded any interest in a Debtor, including but not limited to unvested restricted share units, or other such forms of interest, other than those deferred share units and restricted stock units specifically identified in the Plan Supplement were cancelled without the exchange of any similar interest, or other form of consideration.  Because the asserted claim represents this type of contingent or unexercised option, warrant, or right to acquire equity, and any such right was cancelled by the Plan, the claim has been disallowed.

| | | | | |
|---|---|---|---|---|
| 4 | CROWELL, BETH E.<br>47 JONES AVENUE<br>PORTSMOUTH, NH 03801 | 16-12381 (KJC) | 636 | $ 10,540.00 |

REASON: Pursuant to Section V.F. of the Plan, any contingent or unexercised option, warrant, or right, contractual or otherwise, to acquire or be awarded any interest in a Debtor, including but not limited to unvested restricted share units, or other such forms of interest, other than those deferred share units and restricted stock units specifically identified in the Plan Supplement were cancelled without the exchange of any similar interest, or other form of consideration.  Because the asserted claim represents this type of contingent or unexercised option, warrant, or right to acquire equity, and any such right was cancelled by the Plan, the claim has been disallowed.

| | | | | |
|---|---|---|---|---|
| 5 | CROWELL, BETH E.<br>47 JONES AVENUE<br>PORTSMOUTH, NH 03801 | 16-12374 (KJC) | 682 | $ 10,540.00 |

REASON: Pursuant to Section V.F. of the Plan, any contingent or unexercised option, warrant, or right, contractual or otherwise, to acquire or be awarded any interest in a Debtor, including but not limited to unvested restricted share units, or other such forms of interest, other than those deferred share units and restricted stock units specifically identified in the Plan Supplement were cancelled without the exchange of any simialr interest, or other form of consideration.  Because the asserted claim represents this type of contingent or unexercised option, warrant, or right to acquire equity, and any such right was cancelled by the Plan, the claim has been disallowed.

| | | | | |
|---|---|---|---|---|
| 6 | DAVIDSON, JOHN<br>5 TAYLOR RIVER ROAD<br>HAMPTON FALLS, NH 03844 | 16-12373 (KJC) | 669 | $ 10,520.00 |

REASON: Pursuant to Section V.F. of the Plan, any contingent or unexercised option, warrant, or right, contractual or otherwise, to acquire or be awarded any interest in a Debtor, including but not limited to unvested restricted share units, or other such forms of interest, other than those deferred share units and restricted stock units specifically identified in the Plan Supplement were cancelled without the exchange of any simialr interest, or other form of consideration.  Because the asserted claim represents this type of contingent or unexercised option, warrant, or right to acquire equity, and any such right was cancelled by the Plan, the claim has been disallowed.

* - Indicates claim contains unliquidated and/or undetermined amounts

(1) Claim also contained on Exhibit A to the Second Omnibus Objection for No Liability Equity Claims as to the portion of the Claim asserting equity interest in the Debtors.

(2) Claim also contained on Exhibit C to the Second Objection Claims Objection for Amended Claims

(3) Claim also contained on Exhibit A to the First Omnibus Claims Objection for No Liability Claims as to the portion of the Claim asserting retention bonus amounts

Old BPSUSH Inc. 16-12373 (KJC)
First Omnibus Objection
Exhibit B - No Liability Stock Options Claims

| | NAME OF CLAIMANT | CASE NUMBER | CLAIM TO BE DISALLOWED | AMOUNT |
|---|---|---|---|---|
| 7 | DUCHARME, MATHIEU 1088 MOZART PREVOST, QC J0R1T0 CANADA | 16-12373 (KJC) | 667[(2)(3)] | $ 93,750.00 |

REASON: Pursuant to Section V.F. of the Plan, any contingent or unexercised option, warrant, or right, contractual or otherwise, to acquire or be awarded any interest in a Debtor, including but not limited to unvested restricted share units, or other such forms of interest, other than those deferred share units and restricted stock units specifically identified in the Plan Supplement were cancelled without the exchange of any similair interest, or other form of consideration. Because the asserted claim represents this type of contingent or unexercised option, warrant, or right to acquire equity, and any such right was cancelled by the Plan, the claim has been disallowed.

| | NAME OF CLAIMANT | CASE NUMBER | CLAIM TO BE DISALLOWED | AMOUNT |
|---|---|---|---|---|
| 8 | DUCHARME, MATHIEU 1088 MOZART PREVOST, QC J0R1T0 CANADA | 16-12373 (KJC) | 665[(3)] | $ 93,750.00 |

REASON: Pursuant to Section V.F. of the Plan, any contingent or unexercised option, warrant, or right, contractual or otherwise, to acquire or be awarded any interest in a Debtor, including but not limited to unvested restricted share units, or other such forms of interest, other than those deferred share units and restricted stock units specifically identified in the Plan Supplement were cancelled without the exchange of any similair interest, or other form of consideration. Because the asserted claim represents this type of contingent or unexercised option, warrant, or right to acquire equity, and any such right was cancelled by the Plan, the claim has been disallowed.

| | NAME OF CLAIMANT | CASE NUMBER | CLAIM TO BE DISALLOWED | AMOUNT |
|---|---|---|---|---|
| 9 | ELLSWORTH, TIMOTHY 6501 ELECTRIC RAILWAY CICERO, NY 13039 | 16-12378 (KJC) | 698 | $ 449,590.87 |

REASON: Pursuant to Section V.F. of the Plan, any contingent or unexercised option, warrant, or right, contractual or otherwise, to acquire or be awarded any interest in a Debtor, including but not limited to unvested restricted share units, or other such forms of interest, other than those deferred share units and restricted stock units specifically identified in the Plan Supplement were cancelled without the exchange of any similair interest, or other form of consideration. Because the asserted claim represents this type of contingent or unexercised option, warrant, or right to acquire equity, and any such right was cancelled by the Plan, the claim has been disallowed.

| | NAME OF CLAIMANT | CASE NUMBER | CLAIM TO BE DISALLOWED | AMOUNT |
|---|---|---|---|---|
| 10 | GASOWSKI, SAMUEL E. 70 QUEENS GARDEN DR. THOUSAND OAKS, CA 91361 | 16-12375 (KJC) | 203[(1)(3)] | $ 134,860.00* |

REASON: Pursuant to Section V.F. of the Plan, any contingent or unexercised option, warrant, or right, contractual or otherwise, to acquire or be awarded any interest in a Debtor, including but not limited to unvested restricted share units, or other such forms of interest, other than those deferred share units and restricted stock units specifically identified in the Plan Supplement were cancelled without the exchange of any similair interest, or other form of consideration. Because the asserted claim represents this type of contingent or unexercised option, warrant, or right to acquire equity, and any such right was cancelled by the Plan, the claim has been disallowed.

| | NAME OF CLAIMANT | CASE NUMBER | CLAIM TO BE DISALLOWED | AMOUNT |
|---|---|---|---|---|
| 11 | HEALEY, PAUL F. 55 WINTERGREEN DRIVE NORTH ANDOVER, MA 01845 | 16-12374 (KJC) | 415 | $ 543,582.74 |

REASON: Pursuant to Section V.F. of the Plan, any contingent or unexercised option, warrant, or right, contractual or otherwise, to acquire or be awarded any interest in a Debtor, including but not limited to unvested restricted share units, or other such forms of interest, other than those deferred share units and restricted stock units specifically identified in the Plan Supplement were cancelled without the exchange of any similair interest, or other form of consideration. Because the asserted claim represents this type of contingent or unexercised option, warrant, or right to acquire equity, and any such right was cancelled by the Plan, the claim has been disallowed.

| | NAME OF CLAIMANT | CASE NUMBER | CLAIM TO BE DISALLOWED | AMOUNT |
|---|---|---|---|---|
| 12 | JAMES, BRADLEY 51 FALCONE CIRCLE HAMPTON, NH 03842 | 16-12373 (KJC) | 605[(2)] | $ 339,745.59 |

REASON: Pursuant to Section V.F. of the Plan, any contingent or unexercised option, warrant, or right, contractual or otherwise, to acquire or be awarded any interest in a Debtor, including but not limited to unvested restricted share units, or other such forms of interest, other than those deferred share units and restricted stock units specifically identified in the Plan Supplement were cancelled without the exchange of any similair interest, or other form of consideration. Because the asserted claim represents this type of contingent or unexercised option, warrant, or right to acquire equity, and any such right was cancelled by the Plan, the claim has been disallowed.

| | NAME OF CLAIMANT | CASE NUMBER | CLAIM TO BE DISALLOWED | AMOUNT |
|---|---|---|---|---|
| 13 | JAMES, BRADLEY 51 FALCONE CIRCLE HAMPTON, NH 03842 | 16-12381 (KJC) | 608 | $ 339,745.59 |

Old BPSUSH Inc. 16-12373 (KJC)
First Omnibus Objection
**Exhibit B - No Liability Stock Options Claims**

| | NAME OF CLAIMANT | CASE NUMBER | CLAIM TO BE DISALLOWED | AMOUNT |
|---|---|---|---|---|
| | REASON: Pursuant to Section V.F. of the Plan, any contingent or unexercised option, warrant, or right, contractual or otherwise, to acquire or be awarded any interest in a Debtor, including but not limited to unvested restricted share units, or other such forms of interest, other than those deferred share units and restricted stock units specifically identified in the Plan Supplement were cancelled without the exchange of any similar interest, or other form of consideration.  Because the asserted claim represents this type of contingent or unexercised option, warrant, or right to acquire equity, and any such right was cancelled by the Plan, the claim has been disallowed. | | | |
| 14 | JOHNSSON, MARCUS<br>BÅTNÄSGATAN 4<br>KARLSTAD,  65468<br>SWEDEN | 16-12373 (KJC) | 684 | $ 10,540.00 |
| | REASON: Pursuant to Section V.F. of the Plan, any contingent or unexercised option, warrant, or right, contractual or otherwise, to acquire or be awarded any interest in a Debtor, including but not limited to unvested restricted share units, or other such forms of interest, other than those deferred share units and restricted stock units specifically identified in the Plan Supplement were cancelled without the exchange of any similar interest, or other form of consideration.  Because the asserted claim represents this type of contingent or unexercised option, warrant, or right to acquire equity, and any such right was cancelled by the Plan, the claim has been disallowed. | | | |
| 15 | JONES, STEVEN<br>40 TOPPANS LANE<br>NEWBURYPORT, MA 01950 | 16-12381 (KJC) | 668 | $ 248,391.19 |
| | REASON: Pursuant to Section V.F. of the Plan, any contingent or unexercised option, warrant, or right, contractual or otherwise, to acquire or be awarded any interest in a Debtor, including but not limited to unvested restricted share units, or other such forms of interest, other than those deferred share units and restricted stock units specifically identified in the Plan Supplement were cancelled without the exchange of any similar interest, or other form of consideration.  Because the asserted claim represents this type of contingent or unexercised option, warrant, or right to acquire equity, and any such right was cancelled by the Plan, the claim has been disallowed. | | | |
| 16 | LUCCHINO, LAWRENCE<br>CHRISTOPHER P. SINTETOS, CPA<br>9905 BRIXTON LANE<br>BETHESDA, MD 20817 | 16-12373 (KJC) | 613 | Undetermined* |
| | REASON: Pursuant to Section V.F. of the Plan, any contingent or unexercised option, warrant, or right, contractual or otherwise, to acquire or be awarded any interest in a Debtor, including but not limited to unvested restricted share units, or other such forms of interest, other than those deferred share units and restricted stock units specifically identified in the Plan Supplement were cancelled without the exchange of any similar interest, or other form of consideration.  Because the asserted claim represents this type of contingent or unexercised option, warrant, or right to acquire equity, and any such right was cancelled by the Plan, the claim has been disallowed. | | | |
| 17 | MOHNS, TROY<br>C/O ERIC R. BLYTHE, ESQ. - MINTZ LEVIN<br>ONE FINANCIAL CENTER<br>BOSTON, MA 02111 | 16-12381 (KJC) | 690 | Undetermined* |
| | REASON: Pursuant to Section V.F. of the Plan, any contingent or unexercised option, warrant, or right, contractual or otherwise, to acquire or be awarded any interest in a Debtor, including but not limited to unvested restricted share units, or other such forms of interest, other than those deferred share units and restricted stock units specifically identified in the Plan Supplement were cancelled without the exchange of any simialr interest, or other form of consideration.  Because the asserted claim represents this type of contingent or unexercised option, warrant, or right to acquire equity, and any such right was cancelled by the Plan, the claim has been disallowed. | | | |
| 18 | MOHNS, TROY<br>C/O ERIC R. BLYTHE, ESQ. - MINTZ LEVIN<br>ONE FINANCIAL CENTER<br>BOSTON, MA 02111 | 16-12373 (KJC) | 695 | Undetermined* |
| | REASON: Pursuant to Section V.F. of the Plan, any contingent or unexercised option, warrant, or right, contractual or otherwise, to acquire or be awarded any interest in a Debtor, including but not limited to unvested restricted share units, or other such forms of interest, other than those deferred share units and restricted stock units specifically identified in the Plan Supplement were cancelled without the exchange of any simialr interest, or other form of consideration.  Because the asserted claim represents this type of contingent or unexercised option, warrant, or right to acquire equity, and any such right was cancelled by the Plan, the claim has been disallowed. | | | |
| 19 | MOORE, STEPHEN<br>114 YAGER DRIVE<br>LIVERPOOL, NY 13088 | 16-12378 (KJC) | 627 | $ 442,310.19 |

Old BPSUSH Inc. 16-12373 (KJC)
First Omnibus Objection
Exhibit B - No Liability Stock Options Claims

| NAME OF CLAIMANT | CASE NUMBER | CLAIM TO BE DISALLOWED | AMOUNT |
|---|---|---|---|
| REASON: Pursuant to Section V.F. of the Plan, any contingent or unexercised option, warrant, or right, contractual or otherwise, to acquire or be awarded any interest in a Debtor, including but not limited to unvested restricted share units, or other such forms of interest, other than those deferred share units and restricted stock units specifically identified in the Plan Supplement were cancelled without the exchange of any similar interest, or other form of consideration.  Because the asserted claim represents this type of contingent or unexercised option, warrant, or right to acquire equity, and any such right was cancelled by the Plan, the claim has been disallowed. | | | |
| 20  PASTORE, ANNA<br>5886 BREED RD<br>CAMILLUS, NY 13031 | 16-12381 (KJC) | 650 | $ 125,110.00 |
| REASON: Pursuant to Section V.F. of the Plan, any contingent or unexercised option, warrant, or right, contractual or otherwise, to acquire or be awarded any interest in a Debtor, including but not limited to unvested restricted share units, or other such forms of interest, other than those deferred share units and restricted stock units specifically identified in the Plan Supplement were cancelled without the exchange of any similar interest, or other form of consideration.  Because the asserted claim represents this type of contingent or unexercised option, warrant, or right to acquire equity, and any such right was cancelled by the Plan, the claim has been disallowed. | | | |
| 21  SEPULVEDA-AYERS, SANDY<br>4052 AVENIDA VERANO<br>THOUSAND OAKS, CA 91360 | 16-12375 (KJC) | 620[3] | $ 104,035.00* |
| REASON: Pursuant to Section V.F. of the Plan, any contingent or unexercised option, warrant, or right, contractual or otherwise, to acquire or be awarded any interest in a Debtor, including but not limited to unvested restricted share units, or other such forms of interest, other than those deferred share units and restricted stock units specifically identified in the Plan Supplement were cancelled without the exchange of any similar interest, or other form of consideration.  Because the asserted claim represents this type of contingent or unexercised option, warrant, or right to acquire equity, and any such right was cancelled by the Plan, the claim has been disallowed. | | | |
| 22  SMITH, MATT<br>C/O ERIC R. BLYTHE, ESQ.-MINTZ LEVIN<br>ONE FINANCIAL CENTER<br>BOSTON, MA 02111 | 16-12381 (KJC) | 688 | Undetermined* |
| REASON: Pursuant to Section V.F. of the Plan, any contingent or unexercised option, warrant, or right, contractual or otherwise, to acquire or be awarded any interest in a Debtor, including but not limited to unvested restricted share units, or other such forms of interest, other than those deferred share units and restricted stock units specifically identified in the Plan Supplement were cancelled without the exchange of any similar interest, or other form of consideration.  Because the asserted claim represents this type of contingent or unexercised option, warrant, or right to acquire equity, and any such right was cancelled by the Plan, the claim has been disallowed. | | | |
| 23  SMITH, MATT<br>C/O ERIC R. BLYTHE, ESQ. - MINTZ LEVIN<br>ONE FINANCIAL CENTER<br>BOSTON, MA 02111 | 16-12373 (KJC) | 694 | Undetermined* |
| REASON: Pursuant to Section V.F. of the Plan, any contingent or unexercised option, warrant, or right, contractual or otherwise, to acquire or be awarded any interest in a Debtor, including but not limited to unvested restricted share units, or other such forms of interest, other than those deferred share units and restricted stock units specifically identified in the Plan Supplement were cancelled without the exchange of any similar interest, or other form of consideration.  Because the asserted claim represents this type of contingent or unexercised option, warrant, or right to acquire equity, and any such right was cancelled by the Plan, the claim has been disallowed. | | | |
| 24  TOBBE, JENNIFER<br>339 BOW LAKE ROAD<br>NORTHWOOD, NH 03261 | 16-12381 (KJC) | 626 | $ 96,970.00 |
| REASON: Pursuant to Section V.F. of the Plan, any contingent or unexercised option, warrant, or right, contractual or otherwise, to acquire or be awarded any interest in a Debtor, including but not limited to unvested restricted share units, or other such forms of interest, other than those deferred share units and restricted stock units specifically identified in the Plan Supplement were cancelled without the exchange of any similar interest, or other form of consideration.  Because the asserted claim represents this type of contingent or unexercised option, warrant, or right to acquire equity, and any such right was cancelled by the Plan, the claim has been disallowed. | | | |
| | | TOTAL | $ 3,192,861.17* |

## EXHIBIT C[1]

**Modified Claims**

---

[1] Capitalized terms used but not otherwise defined on **Exhibit C** shall have the meanings given to such terms in the Objection.

**Old BPSUSH Inc. 16-12373 (KJC)**
**First Omnibus Objection**
**Exhibit C - Modified Claims**

| | NAME | CLAIM# | FILED DATE | CASE NUMBER | ASSERTED CLASS | ASSERTED AMOUNT | MODIFIED CLASS | MODIFIED AMOUNT |
|---|---|---|---|---|---|---|---|---|
| 1 | CRG FINANCIAL LLC (AS ASSIGNEE OF HARMAN, TODD) 100 UNION AVENUE CRESSKILL, NJ 07626 | 707 | 05/17/2017 | 16-12375 (KJC) | Priority | $ 12,850.00* | Priority | $ 12,850.00 |
| | | | | 16-12375 (KJC) | Unsecured | $ 380,610.00* | Unsecured | $ 355,737.00 |
| | | | | | Sub Total | $ 393,460.00* | Sub Total | $ 368,587.00 |

Reason: Pursuant to 11 U.S.C. § 502(b)(7) claimant is only entitled to amounts due under his employment agreement within one year of his termination date. Accordingly, the claim has been reduced as set forth herein.

| | NAME | CLAIM# | FILED DATE | CASE NUMBER | ASSERTED CLASS | ASSERTED AMOUNT | MODIFIED CLASS | MODIFIED AMOUNT |
|---|---|---|---|---|---|---|---|---|
| 2 | FLOROS, MICHAEL 32 QUEEN ST NEWTOWN, CT 06470 | 654 | 05/11/2017 | 16-12374 (KJC) | Unsecured | $ 230,665.22* | Unsecured | $ 217,486.96 |

Reason: Debtors books and records show $217,486.96 outstanding to the creditor on account of severance and COBRA benefits pursuant to the employment agreement.

1,305 RSU's shall be treated as shares in accordance with the Chapter 11 Plan.

Pursuant to Section V.F. of the Plan, any contingent or unexercised option, warrant, or right, contractual or otherwise, to acquire or be awarded any interest in a Debtor, including but not limited to unvested restricted share units, or other such forms of interest, other than those deferred share units and restricted stock units specifically identified in the Plan Supplement were cancelled without the exchange of any similar interest, or other form of consideration.  Because the asserted claim represents this type of contingent or unexercised option, warrant, or right to acquire equity, and any such right was cancelled by the Plan, the claim has been disallowed.

No other consideration shall be provided on any other component of the claim. Accordingly, the claim should be reduced as set forth herein.

| | NAME | CLAIM# | FILED DATE | CASE NUMBER | ASSERTED CLASS | ASSERTED AMOUNT | MODIFIED CLASS | MODIFIED AMOUNT |
|---|---|---|---|---|---|---|---|---|
| 3 | MOHNS, TROY C/O ERIC R. BLYTHE, ESQ. - MINTZ LEVIN ONE FINANCIAL CENTER BOSTON, MA 02111 | 508 | 02/06/2017 | 16-12374 (KJC) | Administrative | Undetermined* | Administrative | $ 0.00 |
| | | | | 16-12374 (KJC) | Priority | $ 12,850.00* | Priority | $ 12,850.00 |
| | | | | 16-12374 (KJC) | Unsecured | $ 258,501.19* | Unsecured | $ 244,199.43 |
| | | | | | Sub Total | $ 271,351.19* | Sub Total | $ 257,049.43 |

Reason: Debtors books and records show $257,049.43 outstanding to the creditor on account of severance and COBRA benefits pursuant to the employment agreement.

Additionally, Debtors dispute they are liable on account of the asserted bonuses. Debtors believe this portion of the claim should be disallowed in its entirety.

No other consideration shall be provided on any other component of the claim. Accordingly, the claim should be reduced as set forth herein.

| | NAME | CLAIM# | FILED DATE | CASE NUMBER | ASSERTED CLASS | ASSERTED AMOUNT | MODIFIED CLASS | MODIFIED AMOUNT |
|---|---|---|---|---|---|---|---|---|
| 4 | SMITH, MATTHEW C/O MINTZ LEVIN ATTN: ERIC R. BLYTHE, ESQ. ONE FINANCIAL CENTER BOSTON, MA 02111 | 517 | 02/06/2017 | 16-12374 (KJC) | Administrative | Undetermined* | Administrative | $ 0.00 |
| | | | | 16-12374 (KJC) | Priority | $ 12,850.00* | Priority | $ 12,850.00 |
| | | | | 16-12374 (KJC) | Unsecured | $ 245,571.49* | Unsecured | $ 230,517.94 |
| | | | | | Sub Total | $ 258,421.49* | Sub Total | $ 243,367.94 |

* - Indicates claim contains unliquidated and/or undetermined amounts

**Old BPSUSH Inc. 16-12373 (KJC)**
**First Omnibus Objection**
**Exhibit C - Modified Claims**

| NAME | CLAIM# | FILED DATE | CASE NUMBER | ASSERTED CLASS | AMOUNT | MODIFIED CLASS | AMOUNT |
|------|--------|-----------|-------------|-------|--------|-------|--------|

Reason: Debtors books and records show $243,367.94 outstanding to the creditor on account of severance and COBRA benefits pursuant to the employment agreement.

Additionally, Debtors dispute they are liable on account of the asserted bonuses. Debtors believe this portion of the claim should be disallowed in its entirety.

No other consideration shall be provided on any other component of the claim. Accordingly, the claim should be reduced as set forth herein.

| | | | TOTAL | | $ 1,153,897.90* | | $ 1,086,491.33 |

\* - Indicates claim contains unliquidated and/or undetermined amounts