IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| OLD BPSUSH INC., *et al.*,[1] | ) Case No. 16-12373 (KJC) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) Ref. Docket No. 1869 |

**STIPULATED ORDER GRANTING STEPHEN KISSLINGER**
**RELIEF FROM STAY UNDER SECTION 362 OF THE BANKRUPTCY CODE**

WHEREAS, Stephen Kisslinger (the "Claimant") timely filed proof of claim numbers 675 and 679 (collectively, the "Claims") against the estates of certain of the debtors in the above-captioned chapter 11 cases (collectively, the "Debtors") on account of alleged personal injuries;

WHEREAS, on December 20, 2017, this Court entered an order [Docket No. 1566] (the "Confirmation Order") confirming the *First Amended Joint Chapter 11 Plan of Liquidation of Old BPSUSH Inc. and Its Affiliated Debtors* [Docket No. 1473] (the "Plan");

WHEREAS, Pursuant to the Plan, Theseus Strategy Group LLC was appointed as the Liquidation Trustee and Mark E. Palmer of Theseus Strategy Group LLC was appointed the Debtors' Chief Wind-Down Officer. In its capacity as Litigation Representative for the Debtors,

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Old BPSUSH Inc. (f/k/a BPS US Holdings Inc.) (8341); Old BH Inc. (f/k/a Bauer Hockey, Inc.) (3094); Old EBS Inc. (f/k/a Easton Baseball / Softball Inc.) (5670); Old BHR Inc. (f/k/a Bauer Hockey Retail Inc.) (6663); Old BPSU Inc. (f/k/a Bauer Performance Sports Uniforms Inc.) (1095); Old PLG Inc. (f/k/a Performance Lacrosse Group Inc.) (4200); Old BPSCI Inc. (f/k/a BPS Diamond Sports Inc.) (5909); Old PSGI Inc. (f/k/a PSG Innovation Inc.) (9408); Old BHR Wind-down Corp. (f/k/a Bauer Hockey Retail Corp.) (1899); Old EBS Wind-down Corp. (f/k/a Easton Baseball / Softball Corp.) (4068); Old PSGI Wind-down Corp. (f/k/a PSG Innovation Corp.) (2165); Old BPSDS Wind-down Corp. (f/k/a BPS Diamond Sports Corp.) (8049); Old BPSU Wind-down Corp. (f/k/a Bauer Performance Sports Uniforms Corp.) (2203); Old PLG Wind-down Corp. (f/k/a Performance Lacrosse Group Corp.) (1249); and Old PSG Wind-down Ltd. (1514) (f/k/a Performance Sports Group Ltd., and also representing the estates of the Debtors formerly known as KBAU Holdings Canada, Inc., Bauer Hockey Corp., and BPS Canada Intermediate Corp., respectively). The Debtors' mailing address is 666 Burrard Street, Suite 1700, Vancouver, British Columbia, Canada, V6C 2X8.

01:24009241.2

the Liquidation Trustee was charged with, among other things, reviewing, analyzing and administering various claims pending against the Debtors;

WHEREAS, on June 19, 2018, the Court entered an Order Granting Relief In Aid of Consummation of the Plan [Docket No. 1802] (the "Order in Aid of Consummation"), which, among other things, estimated the Debtors' maximum cash liability on account of the Claims at $0 and provided that the Claims shall all be satisfied solely from (i) the Debtors' applicable insurance coverage and (ii) any other applicable non-Debtor that may be independently liable on account of such Claims; and

WHEREAS, the Claimant has sought, and the Liquidation Trustee has consented to, limited relief from the stays provided for in the Plan to permit the Claimant to prosecute that certain action (the "Action"), captioned Stephen Kisslinger v. Performance Sports Group, LTD., and Performance Lacrosse Group, Inc. d/b/a Cascade Lacrosse, Index No. 603016/2017, in the Supreme Court of the State of New York, County of Nassau;

**IT IS HEREBY ORDERED THAT**:

1. The stays and injunctions provided under the Plan are hereby modified, but only to the extent necessary to permit the Claimant prosecute the Action in the Supreme Court of the State of New York, County of Nassau, for the sole purpose of determining the liability of the defendants in the Action and/or any damages due to the Claimant.

2. The sole and exclusive right and remedy of the Claimant regarding the enforcement of any of the claims asserted against the defendants in the Action (including any judgment(s) obtained against the Debtors, their estates and/or any trustee by the Claimant therein) shall be limited to liquidation of the Claimant's claims against the Debtors and recovery or payment on account of such claims solely from any available insurance proceeds or coverage available from any insurer of the Debtors ("Insurance Proceeds"), and the Movant shall not seek

01:24009241.2

2

any compensation or distribution from property of the Debtors' estates other than the Insurance Proceeds.

3. The provisions of section 362 of the Bankruptcy Code or the Plan prohibiting execution, enforcement, or collection of any judgment(s) which may be obtained in the Action against any and all assets or property of the Debtors' estates shall remain in full force and effect, and (i) neither the Claimant nor any of the Claimant's agents, servants, attorneys, employees or other representatives shall ever attempt to cause any action whatsoever to be taken to collect any portion of any such judgment(s) from the assets or properties of the Debtors' estates other than from any Insurance Proceeds, (ii) the Claimant hereby waives and releases any right to recover from the assets or property of the Debtors, the Debtors' estates, or any successor to the Debtors' estates, including, but not limited to, any liquidating or litigation trust, and (iii) any proofs of claim filed by the Claimant in these chapter 11 cases or the CCAA Proceedings (defined below) shall be deemed withdrawn without the need for any further action on the part of the Debtors and their estates, the Movant, Ernst & Young Inc. in its capacity as the Court-appointed Monitor of the Debtors in the Debtors' parallel proceedings under Canada's *Companies' Creditors Arrangement Act,* R.S.C. 1985, c. C-36, as amended (the "CCAA Proceedings"), or this Court, and the claims agent in these chapter 11 cases is authorized to reflect such withdrawal in the claims register for these chapter 11 cases and the CCAA Proceedings.

4. In the event that the Claimant obtains a judgment or judgments against the Debtors in connection with the Action, the Claimant is authorized to take any necessary actions to collect such judgment(s) from any Insurance Proceeds only.

5. Nothing herein is intended or shall be deemed to be a stipulation, agreement, warranty or admission by Liquidation Trustee, the Debtors or their estates that: (i) the Debtors

01:24009241.2

and their estates are liable to the Claimant for any amounts at all; or (ii) any causes of action, claims and damages alleged in the Actions are covered in whole, in part, or at all, under any of the Debtors' insurance policies. Although they may choose to do so, nothing herein is intended or shall be deemed to create a duty or obligation on the part of the Debtors and their estates to defend against any claims asserted in the Action or to incur any costs in connection therewith.

6. This Court shall retain jurisdiction over any and all matters arising from or related to the implementation or interpretation of this Order.

**STIPULATED AND AGREED:**

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

/s/ Sean T. Greecher
Pauline K. Morgan (No. 3650)
Sean T. Greecher (No. 4484)
Shane M. Reil (No. 6195)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

*Co-Counsel to the Liquidation Trustee*

**ANSA ASSUNCAO, LLP**

/s/ Scott D. Kagan
Scott D. Kagan
Thomas O. O'Connor
707 Westchester Ave., Suite 309
White Plains, New York 10604
Telephone: (914) 298-2260
Facsimile: (914) 298-2270

*Co-Counsel to Claimant Stephen Kisslinger*

Dated: May 9, 2019

_____
The Honorable Kevin J. Carey
United States Bankruptcy Judge